THE PACIFIC PNEUMATIC GAS COMPANY, Respondent, *v.* JOHN W. WHEELOCK, Appellant.

In an action upon a judgment of a district court of California, it appeared by the judgment-record that the defendant brought an action in that court and recovered a judgment, which was reversed by the Supreme Court and remitted to the district court, with directions to allow a counter-claim; in pursuance of which direction, the judgment in question was rendered. It was objected that the record contained no notice of appeal, and so showed no jurisdiction in the Supreme Court. *Held,* untenable; that the Supreme Court having, under the Constitution of California, general appellate jurisdiction of judgments of the district courts, and having entertained and acted upon the appeal, jurisdiction by proper notice was to be presumed; also that the attorneys for the plaintiff in that action appeared in the appellate court.

To prove the Constitution of California, plaintiff produced a book purporting to be the statutes of that State, published by the State printer. A member of the bar of California testified that the person named was the State printer; that the volume was the received official publication of the statutes and the constitution; that it was recognized by the bar, and was the only record the court had. *Held,* that the book was sufficiently proved to authorize its reception as evidence.

(Submitted February 24, 1880; decided March 2, 1880.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 12 J. & S., 566.)

This action was upon a judgment of the District Court of

·the third judicial district of the State of California. The plaintiff produced an exemplified copy of the judgment-roll, by which it appeared that the defendant herein brought an action against the plaintiff in that court and recovered a judgment for $1,000, which was reversed by the Supreme Court of that State, and the action remitted to the district court, with directions to allow a counter-claim set forth in the answer, and which had been disallowed, the amount of which, however, was settled by the findings, and to render judgment for the defendant in that. action for the amount the counter-claim exceeded plaintiff's cause of action; in pursuance of which, the judgment in question was rendered. The judgment-roll did not·contain any notice of appeal.

To prove the appellate jurisdiction of the Supreme Court of California, plaintiff produced in evidence a book purporting to contain the statutes of California, published by Benjamin P. Avery, State printer. This was objected to upon the ground that the book does not purport to have been published by the authority of the State of California, and is not proven to have been commonly admitted as evidence in the judicial tribunals of California. A member of the bar of California was then called as a witness by plaintiff, who testified, in substance, that the volume was one of the official copies, as published by Mr. Avery, who was the State printer; that it was the received official publication; that it was recognized by the bar, and the court had no other; that there was no other edition. The court thereupon overruled the objection, and defendant's counsel duly excepted. By the Constitution of California, as it appeared in said volume, the Supreme Court has general appellate jurisdiction in cases arising in the district courts.

*Robertson & Robertson*, for appellant. The fact that the judgment-record offered in evidence did not contain a notice of appeal showed that there was no jurisdiction in the Supreme Court. (*Pratt* v. *Allen*, 19 How. Pr., 450; *Gormly* v. *McIntosh*, 22 Barb., 271; 4 Denio, 85; 1 Verm., 491; 15

Ala., 9; *Aiken* v. *Albany Northern Railroad,* 14 How., 337; 32 Barb., 277; *Ward* v. *Stringham,* 1 Code·R., 118; *Smith* v. *Foule,* 12 Wend., 11; 15 J. R., 141; 19 id., 39; *D'Arcy* v. *Ketchum,* 11 How., 165; Code of Civil Procedure, § 1300; Code of Civil Procedure of California, § 940.) The volume offered in evidence to prove jurisdiction was not sufficiently proved to authorize its admission. (New York Code of Civil Procedure, § 942; *Bright* v. *White,* 8 Mo., 421; *Matter of Belt,* 1 Park Cr. R., 169, 179, 180; 6 Cranch, 274; 5 Wend., 375; 6 id., 475; 3 id., 173; *Hynes* v. *McDermott,* 7 Abb. [N. C.], 98; chap. 98, Laws of 1843; chap. 259, Laws of 1830; Laws of Cal. for 1852, 1853 and 1860; R. S. [2d ed.], 59.)

*J. P. Osborne,* for respondent. A judgment of a court of one State being a court of record and having jurisdiction of the parties and subject of the action, is conclusive in another State. (1 Kent's Com., 260.)

*Per Curiam.* The objection that the record does not show that the appellate court had jurisdiction, either by a notice of appeal or appearance, is not tenable. It is to be observed that the judgment was rendered in the District Court. In that court the defendant brought an action, and recovered a judgment of $1,000, which was reversed in the Supreme Court, and remitted to the District Court, with directions to allow a counter-claim in favor of the defendant in that action, who is the plaintiff in the present action. The District Court, in pursuance of such direction, rendered the judgment upon which this action is brought.

No question is made as to the original jurisdiction of the District Court. By the constitution of California the Supreme Court has general appellate jurisdiction of judgments rendered in the District Court, and having entertained and acted upon the appeal, jurisdiction by a proper notice is presumed. The attorneys for the plaintiff in that action are presumed to have had notice, and that they appeared in the

appellate court.    There was no effort to prove the absence
of facts necessary to jurisdiction.    The book containing the
laws of the State, and constitution, was sufficiently proved.

The judgment should be affirmed.

All concur.

Judgment affirmed.