MARY F. KERR, Respondent, *against* WILLIAM J. KERR, Appellant.

(Decided March 7th, 1881.)

Where, by the terms of a decree granting to a wife an absolute divorce from her husband, the care, custody, and education of the children of the marriage are given to the wife, and it is adjudged that the husband shall pay to her a certain sum per annum, for her support and mainte- nance, and for the support, maintenance and education of the children, the court has power afterwards, when the burden of maintaining and educating the children has ceased, to reduce the allowance to the wife, by deducting from it the amount which, upon the evidence on which the court acted in fixing it, was allowed for the support and education of the children.

APPEAL from an order of the court refusing to confirm the report of a referee, upon an application to modify a decree of divorce in respect of the allowance made to the wife.

On the 21st of July, 1863, a judgment and decree of ab- solute divorce were made herein between the parties to this action, and it was further adjudicated that the plaintiff, Mary F. Kerr, have the care, custody and education of the chil- dren of the parties—to wit: William J. Kerr, Jr., Josephine Kerr and Winifred Kerr—until the further order of the court; and it was further adjudicated that the defendant, Wil- liam J. Kerr, pay to the plaintiff, Mary F. Kerr, the sum of $1,800 per annum, payable in monthly installments of $150 each, commencing on the 1st day of August, 1863, for the sup- port and maintenance of the plaintiff, and for the support, maintenance and education of said children of said marriage. William J. Kerr, Jr., was born in the year 1849; Josephine Kerr, in the year 1851, and Winifred Kerr in the year 1856. This allowance the defendant has always paid to the plaintiff, and, in addition thereto, the defendant has paid and expended large sums of money for the support and education of his chil- dren.

At the time of the present application, none of the said

children were minors. , William J. Kerr was a civil engineer by profession, and wholly supported himself.

In February, 1876, the plaintiff received property from the estate of her mother, which yields an annual income of about $436.

Upon these facts the defendant applied to this court for an order modifying the provision for alimony. An order of reference was granted to take proofs and to report such proofs to the court, with the opinion of the referee thereon, and the referee thereupon reported that the sum of $1,200 would be a reasonable allowance to make to the plaintiff for the support of herself and the said children. Upon the coming in of this report, a motion was made to confirm the referee's report, and this motion was denied, upon the ground that the court had no power to alter the amount of the allowance contained in the decree of divorce, and founded its opinion upon the decision of the court of appeals in *Kamp* v. *Kamp* (59 N. Y. 212). From the order denying the confirmation of the report, the defendant appealed.

*Henry Brace*, for appellant.—The court has power to modify the final decree and judgment, so far as the allowance of $1,800 a year is concerned (Rev. Stat. 6th ed. vol. 3, 159 ; *Forest* v. *Forest*, 3 Abb. Pr. 154 ; *Miller* v. *Miller*, 6 Johns. Ch. 91; *Holmes* v. *Holmes*, 4 Barb. 295 ; *Lawrence* v. *Lawrence*, 3 Paige, 267 ; *Halsted* v. *Halsted*, 5 Duer, 659 ; 2 Daniell Chanc. Pr. Perkins' ed. 1042). The case of *Kamp* v. *Kamp* (59 N. Y. 212) differs from the present case, as no provision for alimony was made in the decree, while in this case an allowance was made, not only for the wife, but also for the three children of the marriage. The difficulty of determining how much the court intended as an allowance to the wife, and how much as provision to the children, not being one of jurisdiction, is not insuperable.

*Malcolm Campbell*, for respondent.—The court has no power to grant the application. The courts of this state have not the general powers in divorce cases which were exercised

by the ecclesiastical courts in England; their powers are limited to those expressly conferred by the statute (*Burtis* v. *Burtis*, Hopk. 557 ; *Perry* v. *Perry*, 2 Paige, 501). The statute provides for only one exercise of the power of the court in making the allowance ; when made, it is final, and continues during the life of the wife (2 R. S. 146, § 58 ; *Cook* v. *Cook*, 1 Barb. Ch. 639). No reported case can be found in this state where the courts have exercised such a power in such a case ; while the decisions which have been made on the subject are, by analogy, conclusive against the exercise of such a power (*Wood* v. *Wood*, 7 Lans. 204 ; *Shepherd* v. *Shepherd*, 1 Hun, 240, 58 N. Y. 644; *Kamp* v. *Kamp*, 59 N. Y. 212 ; *Park* v. *Park*, 18 Hun, 466 ; affirmed in court of appeals, 9 Week. Dig. 391). The decisions of the highest courts of other states, where the statutes on the subject are similar to our own, confirm this view (*Smith* v. *Smith*, 45 Ala. 264 ; *Mitchell* v. *Mitchell*, 20 Kans. 665 ; *Bacon* v. *Bacon*, 53 Wis. 197 ; *Semrow* v. *Semrow*, 23 Minn. 214). In England, where the courts have such a power, they have refused to exercise it in favor of the husband, where the wife had, after judgment, received a considerable accession to her income on the death of her father (*Saunders* v. *Saunders*, 1 Swab. & Tr. 72), and also where the husband had been guilty of unnecessary and willful extravagance, and had received a large sum, the disposition of which he could not account for (*Shirley* v. *Wardrop*, 1 Swab. & Tr. 317). In this case, even if the court had the power to grant the application, no merits are shown for its exercise.

PER CURIAM.—It may very well be that a strict construction of the case of *Kamp* v. *Kamp* bears out the conclusion to which the learned judge who heard this motion in the court below has arrived. But a very different question from that now presented was adjudicated upon in that case.

It is true that in that case the court say that the question of alimony is to be determined by the condition of the parties at the time of the granting of the divorce, but that language is to be construed in connection with the facts of that case ; and the

court further held that it might be assumed from the facts which were made to appear to the court at the time of the granting of the decree of divorce, that it was inequitable that an allowance of alimony should be made, and that, therefore, it should be denied; and such an adjudication could not be reviewed upon a motion made years afterward.

It would certainly be a great hardship in case the husband, at the time of granting the decree, was in affluent circumstances, and an allowance was made to the wife accordingly, that he should be compelled to pay, after he had become poor, without any fault or negligence on his part, an allowance which exhausted the whole of his income, or which he was utterly unable to pay, and thus be made liable to imprisonment because of failure to pay.

It is true that it has been said that where the party made it appear that he was unable to comply with the decree of the court, that that would be an answer to an application for an attachment; but it has been more frequently held that the party being in contempt at the time of the application for an attachment, the court cannot consider any excuse such as that upon such a motion.

But in this case it seems to us that we are entirely relieved from the consideration of that question by the terms of the decree itself and by the provisions of the statute. By the terms of the decree, the care, custody and education of the infants is confided to Mary F. Kerr, until the further order of the court, and a certain sum is allowed to her for her own support and maintenance, and for the support, maintenance and education of the children. It is perfectly clear that, from the language of this decree, the court would have the right to deprive the plaintiff, upon an application made at any time after the entry of this decree, of the custody of the infants, and for proper cause to give the custody of the same to the defendant.

Now it appears that the allowance which was made to the plaintiff was made in view of the fact that she was to have the care, custody and maintenance of the children, and it was partially made for the purpose of providing for such care, custody and education. If, therefore, the court should change the

custodian of the children and should confide, for good cause shown, their maintenance and education to the defendant, there seems to be no reason why they should not have the power to take away from the plaintiff the allowance which they had given her because she was to be at the charge of the maintenance and education of the children.

It is urged in answer to this suggestion that there is no separate amount allowed for the support of the children, and, as a consequence, the court cannot now determine how much was allowed to the plaintiff, and how much was allowed for the support and education of the children. This undoubtedly is a difficulty, but not an insuperable one.

The court now has before it all the evidence upon which it acted in the fixing of this allowance, and it can determine from this evidence, which forms part of the records of the court, what amount, in its judgment, was allowed for the support and education of the children, and what amount was allowed to the plaintiff for her individual support. And where the charge of maintaining infant children has ceased, it would seem that it was the duty of the court to determine what amount should be deducted from the allowance given, in consequence of that burden having terminated. In fact, the statute expressly recognizes the right of the court at any time after a decree to increase or modify or annul any provision of the decree providing for the custody, care and education of the children of the parties. There certainly can be no · justice in holding that where a large allowance is made to a wife, to whom is given the custody, care and maintenance of children, and where such an element has largely increased such allowance, that when that charge ceases—the allowance which never would have been made except in contemplation of the expenditure to which the wife would be subjected by reason of the support, education and maintenance of the children—the wife shall receive the same allowance, which might be far beyond that which any court might allow for her own individual support. The fact that a failure to separate the amount allowed to the wife for her own support, and the amount allowed to her for the support, maintenance and education of her children, makes it difficult

Kerr *v.* Kerr.

to determine precisely what amount was allowed to each, cannot deprive the defendant of the express provisions of the statute. The court must, if a proper case is presented, determine as best it may, the question as to what was allowed for the support and education of the children, and where such charge has terminated, unless special reasons are shown, the allowance should be modified accordingly.

There is another view of this case which leads to the same conclusion. Giving to the case of *Kamp* v. *Kamp* the construction which the judge at special term placed upon it—a construction we do not now assent to—the decision would apply only to those cases in which a stated sum is set apart exclusively for the use of the wife, but not where the alimony of the wife is part of a gross sum awarded as well for the children as for her. In the latter class of cases the court is not called on to determine how much should be allowed to the wife for her private and personal use until the time when it becomes necessary to. separate the allowance to her from the gross sum which is allowed for the maintenance of all those whose support is charged upon the adulterous husband. The court has never yet decided what amount to Mrs. Kerr should remain as alimony. That question is now for the first time presented, and it was the duty of the special term to ascertain and determine what alimony should be awarded to her, now that she is no longer chargeable with the support and education of the children.

The order appealed from must be reversed, and the motion be sent back to the special term for such action as the facts presented to such special term may seem to warrant.

Order accordingly.