Hatch, J.
On or about the 15th day of October, 1877, the plaintiff commenced an action in this court to obtain an absolute divorce from the defendant. The summons and complaint therein were personally served upon the defendant, who made default. Thereafter and upon the 11th day of December, 1877, the court made an order of reference to take proofs in said action as to the material facts charged in the complaint and report the same to the court with his opinion. On the coming in of said report the court confirmed the same, and on the 22d day of December, 1887, judgment was entered decreeing a dissolution of the marriage contract theretofore existing between the parties and awarding the custody of an infant child, then about two years of age, the only issue of said marriage, to plaintiff, and directing that the defendant pay to the plaintiff, in monthly instalments, the sum of $450 per annum as permanent alimony for the support and maintenance of plaintiff and said child. The complaint contained a demand for alimony and for the custody of said child.
Subsequent to the granting and entry of the decree, and about April 26, 1881, plaintiff remarried and now lives with her husband in the state of Wisconsin. She still retains the custody of said child and has provided for her maintenance since the entry of said decree. The defendant never complied with said decree so far as the payment of alimony is concerned, and no proceedings were taken to enforce *250 said decree in that respect until about October, 1886. Thereupon the defendant made a motion at a special term of this court to vacate and set aside said judgment and decree on the ground that the same is void for want of jurisdiction in the court to render the same. Also to strike out or modify the provision made therein for alimony. This motion was diposed of by a denial of that part of the motion which asked to have the judgment vacated, and as to that part relating to alimony the court directed a reference to take proof and report “as to the circumstances, conduct and financial condition of the respective parties at the time of and since the commencement of this action, with a view to determining whether the allowance of alimony awarded in said decree should be modified.” The plaintiff herein appealed from that part of the order directing a reference, and the defendant from that part denying the motion to vacate the decree.
In 1877 the legislature amended section 42, article 3, title 1, chapter 8, part 2, of the Eevised Statutes (chapter 168, Laws of 1877), thereafter requiring that in every suit brought for a divorce upon the ground of adultery, judgment shall not be granted for the relief demanded until the plaintiff shall make satisfactory proof that no judgment or decree of divorce upon the ground of adultery has been rendered against the plaintiff in favor of the defendant in any of the courts of this state. Section 1757, Code of Civil Procedure, now embraces substantially this provision.
It is here contended upon the part of the defendant that this proof was not made, and that consequently the court was without jurisdiction to direct the entry of the decree. An examination of the moving papers herein fails to show that the proof required by the statute was not made and also fails to show that, at the time of the entry of the decree, there was a judgment or decree of divorce for adultery against the plaintiff, and in favor of the defendant in any of the courts of this state. Nor is it claimed by the defendant that such judgment and decree has any existence. He rests his claim to have this decree vacated upon the sole ground that the record of the action fails to show that the proof required by the statute was made. Assuming that the facts required to be proved are jurisdictional, is it necessary in order to uphold this decree that they should appear upon the record as having been proved? There is ‘ no command in this statute that the facts by it required to be proved shall constitute a part of the record or appear therein.
The language is, “shall have produced to the court satisfactory proof,” that is, such proof as satisfies the conscience of the court, and the plaintiff is made a competent witness to prove such fact,
*251 It might well he that upon the application for the decree the court discovering the omission of the referee, if there was any, took oral proof as to whether a decree had been entered against her or not, and made no record of it. If the court is satisfied with proof, no matter whether made before the referee or court, the ■ requirements of the statute are complied with, and this is so even though no record of such fact be made.
It has long been the settled rule that judgments of superior courts of general jurisdiction are presumed to have been regularly and legally rendered, and when the record does not disclose that the court acquired jurisdiction it will be presumed until the contrary clearly appears. Chemung Canal Bank v. Judson, 8 N. Y., 254.
In Pacific Pneumatic Gas Co. v. Wheelock (80 N. Y., 278) the record failed to show a notice of appeal, the court held “that jurisdiction by a proper notice is presumed. There was no effort to prove the absence of facts necessary to jurisdiction." Potter v. Merchants’ Bank, 28 N. Y., 641; Bangs v. Duckinfield, 18 id., 592.
In Hahn v. Kelly (34 Cal., 391) Justice Sanders, in his opinion, says, “Where the record is silent as to what was done it will be presumed that what ought to have been done was not only done, but rightly done." Id. 407, 430.
Mr. Justice Field, in Galpin v. Page (18 Wall., 350), in speaking upon the subject of presumptions, states the rule as follows: “ The presumptions which the law implies in support of the judgments of superior courts of general jurisdiction only arise with respect to jurisdictional facts concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence or averments respecting the _ facts presumed. The doctrine thus laid doAvn precisely fits this case. Harvey v. Tyler, 2 Wall, 328, Justice Woods speaking upon the subject, said : “Can it be required to give validity to those judgments that the record shall show that every fact was proved upon which the judgment of the court must be supposed to rest ? Such a ruling would overturn every decision made by this. court upon that class of cases down to the present time."
We might be content to rest our decision upon this branch of the case on the foregoing authorities, but there is another principle of law which is equally conclusive.
No appeal was taken by the defendant from the decree, but after the lapse of nearly nine years from its entry he seeks to attack it collaterally by motion to set it aside. It is not denied, nor could it be' successfully, but that the court had jurisdiction of the subject matter, and of the person, consequently it had jurisdiction to render judgment, and even though the judgment so rendered Avould be *252 reversed upon appeal, yet it cannot be attacked in a collateral proceeding.
In Hunt v. Hunt (72 N. Y., 217), Justice Folger in delivering the opinion of the court, said: “If he does not establish a cause for divorce, jurisdiction to pronounce judgment does not leave the court. It has power to give judgment that he has not made out a case. If that, court, however, should err, and give judgment that he had made out his case, jurisdiction remains in it so to do. The error is to be corrected in that very action. It may not be shown collaterally to avoid the judgment, while it stands unreversed.” Id., 230.
In Schaeffler v. Gardiner (47 N. Y., 404), this rule was applied and the judgment held to be voidable only, even though there was no authority given by the statute to render judgment at the time when it was rendered.
In Fisher v. Hepburn (48 N. Y., 41), Justice Earl lays down the rule that the jurisdiction once obtained the court has power to render judgment, and if erroneously rendered the only remedy is by appeal, not by motion to set it aside. Blake v. Lyon & Fellows Manufacturing Co., 77 N. Y., 626; Ward v. Town of Southfield, 102 id., 287; 1 N. Y. State Rep., 689. From these authorities, it is clear that the decision of the court must be sustained in refusing to vacate this decree.
A different question is presented upon the order granting a reference to determine whether the decree awarding alimony should be modified.
It has long been the settled law that the power to entertain actions and grant decrees of divorce is a statutory power; it found no place in the common law. Burtis v. Burtis, 1 Hopk., 557; Erkenbrach v. Erkenbrach, 96 N. Y., 456.
Consequently it follows that unless there is some statute which confers power upon the court to modify a final decree awarding alimony, the court is without power to act. •The decree entered in this case provides among other things, that the defendant pay to plaintiff the sum of $450 per annum from the date of the commencement of the action, for the support and maintenance of the plaintiff and the child of the marriage.
Code of Civil Procedure, § 1759, provides that the court may in the final judgment dissolving the marriage, require the defendant to make suitable provision for the support and maintenance of the children and plaintiff as justice requires, having regard to the circumstances of the parties. Except as above provided, no authority in any statute is found which authorizes a court to make final provision for the support of the wife. The provision made for her is to *253 be entered in the final judgment. Such judgment concludes the parties, dissolves the contract of marriage, and thenceforth the parties are no longer husband and wife; nothing more remains to be done; it is a finality, and unless reversed by a court of competent authority stands forever. The only remaining power left in the court is to correct a mistake or enforce the judgment.
Kamp v. Kamp (59 N. Y., 212) holds that the jurisdiction of the court over the subject matter of the action terminates with the entry of final judgment, save for the enforcement or correction of the judgment. ' The claim for alimony is to be determined by the circumstances and condition of the parties as they exist at the time when the decree is entered, and the court has no power on a subsequent application to grant alimony where none was given in the final decree, no matter what the changed circumstances may be.
In Park v. Park (18 Hun. 466), it is held that when the complaint demands alimony, the right of the wife thereto is to be determined by the circumstances and conditions of the parties as they exist at the time of final judment, and when entered is not to be modified by any change in the subsequent condition of either party. Affirmed on appeal, ‘ 80 N. Y., 156; Shepherd v. Shepherd, 1 Hun, 240.
In Wood v. Wood (7 Lans., 204), the court say: “The judgment concludes the parties on the subject of alimony as well as other matters involved in the suit.” Cook v. Cook, 1 Barb. Ch., 639.
In Crimmins v. Crimmins (28 Hun, 200), it was held that the court had no power to alter or amend the terms of a final decree.
Johnson v. Johnson (18 W. D., 27) holds that with the entry of final judgment the jurisdiction of the court over the parties is terminated except to enforce the judgment or correct mistakes. In the last case alimony was omitted from the final decree upon the request and promise of the defendant to pay the same, yet it was held that no relief could be granted. Winton v. Winton, 31 Hun, 290. Justice Daniels, in delivering the opinion of the court, lays down the rule as above stated.
All the authorities that speak upon this subject are uniform in their utterance that the power to modify the decree as to the wife ceases with the entry of final judgment awarding alimony, unless it be the single exception of Kerr v. Kerr (9 Daly, 517), where the court says, but does not assume to decide: “It would certainly be a great hardship in case the husband, at the time of granting the decree, was in affluent circumstances, and an allowance was made to the wife accordingly, that he should be compelled to pay, *254 after he had become poor, without any fault or negligence on his part, an allowance which exhausts the whole of his income, or which he was utterly unable to pay, and thus be made liable to imprisonment because of failure to pay.”
It is true that such circumstances would appeal to the conscience of a court of equity with singular force. To deny relief in such a case would seem like denying justice, but the answer is that courts are limited in power. They must apply the law as they find it. Hardship is a tempter to which many a court has succumbed, but it furnishes no reason or authority for a court to usurp power where none exists, the statute not authorizing the exercise of the power. Relief, if obtained at all, must- come from the legislature, and not the courts. It seems clear from the foregoing authorities that the court has no power to change or modify a final decree awarding alimony to the wife. Hot having such power, it would be an idle ceremony to order a reference to take proof upon which it could base no decree. ■ As to the sum awarded for the support and maintenance of the child, a different rule prevails.
Code Civil Procedure, section 1771, provides that such order may be changed or modified at any time before or after final judgment.
This power has been quite frequently exercised. Erkenbrach v. Erkenbrach, 96 N. Y., 456; Washburn v. Catlin, 97 id., 623.
Hor does the fact that a gross sum is awarded to the wife and child alter the case. The amount so allowed may be changed by reducing or enlarging in a proper case. Kerr v. Kerr, 9 Daly, 517.
It is claimed in this case that the court should exercise this power, for the reason that the court in awarding alimony had no legal evidence before it upon which it could award any sum as alimony Assuming that this matter can on this motion be reviewed, it clearly should not be.
The basis in awarding alimony is defined in the statute as “having regard to the circumstances of the respective parties.” Within this limit it rests in the discretion of the court, and unless there is shown to be ah abuse of such discretion it must stand. Forrest v. Forrest, 25 N. Y., 501, 518, 520.
In determining the amount of alimony the court takes into consideration the nature of the husband’s means, the situation of the parties in society, the amount of the husband’s income, whether arising from property which he possesses, or is produced by his daily exertions. Id., 513 to 517. Lawrence v. Lawrence, 3 Paige, 267.
The proof in this case is found in the testimony of Calista B, Dinwoodie,. who says, “he is able bodied and *255 well, and when he refrains from excessive use of liquors, is able to earn seventy-five dollars per month."
William A. Dinwoodie testifies: "defendant is an able-bodied man and capable of earning seventy-five dollars per month when sober.” The plaintiff had no property or means of support. The referee reported that a fair allowance for the support of the plaintiff and the child was the sum of $450. This sum represents one-half of the earning power of the defendant. This allowance is not unusual or excessive. Galusha v. Galusha, 4 N. Y. State Rep., 399.
It is contended that the defendant had no property, and had earned nothing for three years. Concede this. What was the reason? He did not work, none other. He was able bodied and well. The law imposed upon him the duty of maintaining his wife and child, and, if he refused, could compel him even to the extent of imprisonment; by so refusing he became known to the law as a disorderly person. There was power in the court to decree alimony and compel him to pay it, by imprisonment, if need be. There is no place in the law for such an excuse as is here attempted to be set up. Drunkenness in itself is an offense against the law, and to say that it may be pleaded as a legal excuse for a failure to perform a legal obligation which the law has imposed is repugnant both to law and morals. The child provided for is now about twelve years old; she has been supported by plaintiff since the decree herein was entered. Plaintiff’s present husband is under no legal obligation to support her. Williams v. Hutchinson, 3 Y., 312.
Under such circumstances this application does not commend itself to the favor of the court, and should not be granted. The views herein expressed lead to the affirmance of that portion of the order denying the motion to set aside the decree, and to the reversal of that part of the order which orders a referee to take proof, with ten dollars costs to plaintiff, and disbursements.