In the Matter of the Probate of the Will of WILLIAM W. MERRIAM, Deceased.

Under the Code of Civil Procedure (§ 2624) the authority of a surrogate to inquire, upon probate, into the validity of a testamentary gift, is limited to bequests of personal property; he has no such jurisdiction as to a devise of real estate.

Where, therefore, a will presented for probate, which is duly executed, assumes to make a devise of realty, and the petition and citation so require, and the petitioner so requests, the surrogate must probate it as a will of real property, without regard to, and without adjudicating upon any question as to the validity of the devise.

*It seems* the record of the will is presumptive evidence only of its due execution, and the mental capacity and freedom from restraint of the testator, not of the validity of a devise therein, in any tribunal where the title to the realty may be in issue. (§ 2627.)

(Submitted October 18, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made January 4, 1891, which affirmed a judgment entered upon a decree of the Surrogate's Court of Suffolk county, admitting to probate a certain instrument as the last will and testament of William W. Merriam, deceased.

The facts, so far as material, are stated in the opinion.

*Timothy M. Griffing* for appellant. The decree of the Surrogate's Court, so far as it holds that the will is a valid instrument to pass title to real estate, is clearly erroneous. (*In re Fox*, 52 N. Y. 530.)

*Jesse Johnson* and *George F. Stackpole* for respondents. This court will not consider or review questions of fact arising on the probate of a will, unless it is claimed that there is no evidence to support the decision of the courts below,—thus presenting it to this court as a question of law. (Code Civ. Pro. §§ 1337, 1338; *In re Will of Ross*, 87 N. Y. 514; *In re Valentine*, 100 id. 607; *In re Hartun*, 102 id. 157.) The deceased certainly had sufficient mind to make a will. (*Dela-*

*field* v. *Parish*, 25 N. Y. 9; *Tyler* v. *Gardiner*, 35 id. 559; *In re Vedder*, 6 Dem. 98; *Cornwell* v. *Riker*, 2 id. 354; *Van Guysling* v. *Van Kuren*, 35 N. Y. 70; *Kimm* v. *Johnson*, 60 Barb. 69; *In re Soule*, 22 Abb. [N. C.] 236; *Stebbins* v. *Hart*, 4 Dem. 501.)

MAYNARD, J. The will, which is the subject of this controversy, contains but a single paragraph in these words: " After all my lawful debts are paid and discharged, I give and bequeath all my property and estate real and personal, to the government of the United States of America."

The testator was seized of real property of the value of two thousand dollars and possessed of personal property of the estimated value of one hundred thousand dollars.

The validity of the will was contested before the surrogate and in the Supreme Court, on the ground of an alleged want of testamentary capacity; but the decision of the courts below have been adverse to the appellants upon this issue, and, as there was sufficient evidence to support the findings of the trial court, the question is not reviewable here.

Nor is our attention called to any exception in the record upon the trial and determination of the issues of fact raised which requires consideration. But the contestants insist that the surrogate's decree should be reversed so far as it admitted the will to probate as a valid will of real property, for the reason that the federal government is incapable of taking lands within this state by devise, and therefore a testamentary instrument which undertakes to dispose of all the real property of the testator in this manner is invalid as a will of real estate, and cannot be admitted to probate as such.

This question was explicitly raised before the surrogate, but we do not think it is available to the contestants in this proceeding.

By section 2624 of the Code the authority of the surrogate to inquire upon probate into the validity of a testamentary gift is limited to bequests of personal property and we know of no provision of law which confers any such jurisdiction

with respect to devises of real estate. If the validity of a bequest of personalty is not questioned, his judicial action in a proceeding for probate must be confined to a determination of the question of the due execution of the will and whether the testator had sufficient testamentary capacity and was not under any restraint. It is true that the petition and citation for probate must state whether the will relates, or purports to relate, exclusively to real or personal property or to both, and if the surrogate finds that it was duly executed and the maker had sufficient capacity and was free from restraint, the code (§ 2616), declares that it must be admitted to probate as a will valid to pass real or personal property, or both, as the surrogate determines and the petition and citation require and must be recorded accordingly. It may be argued that as the surrogate must determine whether it shall be probated as a will valid to pass real property, he must necessarily be invested with the power to determine whether the instrument upon its face is sufficient in terms and in legal effect, to convey the title to any of the testator's real estate. As the formalities to be observed in the execution of all wills, except nuncupative ones, is now the same, it may be said that this language in the statute has no significance if the authority of the surrogate is to be restricted to a decision of the question whether the will is duly executed in the form and manner required to pass real property. If the instrument is so executed as to pass the title to any property, it is sufficiently executed to convey real property and it was therefore, superfluous for the legislature to require the surrogate to determine whether it is a will valid to pass real property.

We do not think that this is a correct construction of the statute. The surrogate must examine the will to ascertain whether it purports, or is sufficiently comprehensive, to dispose of real property, and if it does he is then to decide that it shall be admitted to probate as a will valid for such a purpose, providing he finds it to have been duly executed, and the petition and citation so require. This is the extent of the surrogate's jurisdiction, and the effect of his decision goes no

farther.   He does not decide that the instrument in fact passes title to any real estate, and he is not charged with any inquiry of that character.   The testator may not have been the owner of any lands when he died, and yet, if the will assumes to make a devise of realty, or is broad enough to include a transfer of such property, the surrogate must probate it as a will of real property, if the petitioner so requests. What is meant by the words of the statute, "a will valid to pass real property," is an instrument duly executed which undertakes in terms to convey that species of property.

There is also a class of wills, specified in section 2611 of the Code, which can be admitted to probate only as wills of personal property, notwithstanding they may relate to real property.   They are wills executed without the state in the manner prescribed by the laws of the state or country where executed, or the will of a non-resident executed according to the laws of the testator's residence, but not as prescribed by the laws of this state.

It is thus apparent that there were sufficient grounds for the legislative direction to the surrogate to determine whether a will shall be admitted to probate as a will valid to pass real property without giving to his decision the effect of an adjudication as to the validity of the devises in the will.   The appellants are not prejudiced by the decree as it stands.   It casts no cloud upon their title as heirs at law.   In any action or proceeding brought by them to recover possession of the real property they can safely rest upon their rights of heirship. The record of the will is presumptive evidence only of its due execution and of the mental competency and freedom from restraint of the testator, and not of the validity of the devises contained in it in any tribunal where the title to the real property of the testator may be in issue.   (§ 2627.)

The judgment of the Supreme Court should be affirmed, with costs to all parties, to be paid out of the estate.

All concur.

Judgment affirmed.