In the Matter of Proving the Last Will and Testament of John S. Law, Deceased, as a Will of Real and Personal Property.

William W. Law, Petitioner, and Others, Appellants; Elizabeth Law and Others, Respondents.

*Decree of a foreign probate court — a person relying thereon must prove the jurisdictional facts.*

A person relying on the decree of a foreign probate court admitting a will to probate, must prove that the steps necessary to enable the foreign court to acquire jurisdiction of the subject-matter and of the parties were duly had and taken according to the course of the law of the foreign jurisdiction.

Appeal by the petitioner, William W. Law, and others, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 18th day of June, 1900, dismissing an application for the probate of the last will and testament and codicil thereto of John S. Law, deceased.

John S. Law died on the 25th day of August, 1893, at Greenwich, in the State of Connecticut, leaving a last will bearing date December 23, 1885, and a codicil thereto dated March 13, 1890. He left him surviving Elizabeth Law, his wife; John G. Law, a son; Alice Law, a daughter, residing with him in Connecticut, and William Washburn Law, the petitioner herein, a grandson, residing in Philadelphia, his only heirs at law and next of kin. Thereafter Elizabeth Law, the executrix named in the will, applied by petition to the Probate Court of the State of Connecticut at Greenwich, to have the said will probated as a will of both real and personal property, and an order was made by the probate judge of said court

directing that notice of the application be given to all persons interested in said estate, by publication in a newspaper and by mailing to each of said persons a copy at least five days before the time assigned in said order for the proving of said will. Pursuant to said order, notice was given to the persons interested by such publication and mailing a copy of the order.

At the time of such publication and mailing the petitioner herein was an infant, residing in Pennsylvania, and no citation or other notice to attend such proceeding for the probate of the will was ever personally served on him, nor does it appear that a guardian *ad litem* was appointed to represent him in those proceedings, nor did he ever appear therein, either in person or otherwise.

No objections to said will and codicil having been filed, the same were duly proved and admitted to probate, and the said Elizabeth Law duly qualified as executrix, and entered upon the discharge of her duties as such.

On the 10th day of September, 1897, an exemplified copy of the will, the codicil, and of the Connecticut probate proceedings, were filed and recorded in the office of the surrogate of the county of New York, on an *ex parte* application by said executrix. By virtue of the proceedings had in the Probate Court of Connecticut and the Surrogate's Court of the county of New York, the executrix has so far administered the estate. The petition by which this proceeding was commenced alleges the following facts, viz., that for many years prior to and at the time of his decease the testator had been and was domiciled in the city, county and State of New York, being then seized and possessed in fee of real and personal property within said county to which the said will relates and which still remains in said county; that he died at Greenwich in the State of Connecticut, where he was temporarily sojourning during the summer; that Elizabeth Law, the executrix in said will named, presented for probate to the Probate Court of Connecticut said will, together with a petition wrongfully and falsely alleging that the said testator was at the time of his death domiciled in the State of Connecticut; that such allegation was made for the purpose of avoiding the operation of the laws of the State of New York, and of depriving the petitioner of his rights in the estate of said decedent; the infancy of petitioner and his residence in the State of Pennsylvania at the

time of the proceeding in Connecticut; that no citation to attend such proceeding was ever personally served on him; that no guardian *ad litem* was appointed to represent him in those proceedings, nor did he ever appear personally or otherwise; that said Connecticut court was wholly without jurisdiction, and that its decree is void, invalid and of no effect. The separate answers of the contestants — Elizabeth Law, John G. Law and Alice Law — alleged that the testator was at the time of his death a resident of Bellhaven in the State of Connecticut, and pleaded the Connecticut probate and the filing of the exemplified copy of the record thereof in New York county.

It appears from the record that both the will and the codicil recited that the testator resided in the city of New York. And it further appears that both said instruments were executed in the city of New York, and that all the witnesses to their execution also resided there. No testimony was taken in this proceeding, but on a motion made at the opening of the hearing the proceeding was dismissed. From the decree entered denying the application and dismissing the proceeding these appeals are taken by William W. Law, the proponent of the will, and by Frank L. A. Graham, Anna V. Law, George W. Davis and William E. Fritz, who duly intervened pursuant to section 2569 of the Code of Civil Procedure.

*William H. Cochran*, for the appellants.

*J. J. K. O'Kennedy*, for the respondents.

HATCH, J.:

It cannot be legally questioned but that the facts averred in the petition, if undisputed, would entitle the petitioner to a probate of the will by the surrogate of the county of New York. The petitioner makes compliance with all the statutory requirements and avers facts which, if true, establish jurisdiction in the court of this proceeding. We are called upon, therefore, to consider what effect, if any, is to be given to the determination and judgment admitting this will to probate by the Probate Court of Connecticut. It seems to have been concluded by the learned surrogate that such decree was conclusive of every question which was sought to be presented, and bound the petitioner in accordance with its terms. The ques-

tion before us is not new and has been the subject of repeated adjudications by the Federal courts and also by the courts of this State and elsewhere. (*Thormann* v. *Frame*, 176 U. S. 350; *Risley* v. *Phœnix Bank*, 83 N. Y. 318; *Schultz* v. *Schultz*, 60 Am. Dec. 335, n. p. 353, *et seq.*; *Bowen* v. *Johnson*, 73 id. 49, n. p. 53, *et seq.*)

As the decree is limited in its binding effect to the thing which it operates upon, it remains open to be controverted as to all the grounds and incidental facts upon which it professes to be founded. (*Durant* v. *Abendroth*, 97 N. Y. 132.)

It is a general rule of law that the judgment of a court of a foreign State has no binding force or effect in this State unless the court had jurisdiction of the subject-matter and of the persons of the parties. Want of jurisdiction is a matter which may always be interposed against a judgment or decree when it is sought to be enforced, or when any benefit is claimed under it. The want of jurisdiction, either of subject-matter or person, renders the judgment a nullity, and it may be attacked in any form, either directly or collaterally. (*Kerr* v. *Kerr*, 41 N. Y. 272; *Pennoyer* v. *Neff*, 95 U. S. 714, and cases already cited.)

Judgments of superior courts exercising general jurisdiction are attended by a presumption that they have been regularly and legally rendered, and when the record does not disclose that the court acquired jurisdiction it will be presumed until the contrary appears. (*Chemung Canal Bank* v. *Judson*, 8 N. Y. 254; *Pacific Pneumatic Gas Co.* v. *Wheelock*, 80 id. 278; *Potter* v. *Merchants' Bank*, 28 id. 641; *Galpin* v. *Page*, 18 Wall. 350.) But where such courts exercise a special statutory power not according to the course of the common law, no such presumption obtains, and they may be attacked collaterally. (Steph. Dig. Ev. [Chase's ed.] 97, 98, note, and cases cited.) As to the judgments, however, of inferior courts, or those courts which exercise a limited jurisdiction, no such rule obtains. When such judgments are relied upon, it becomes incumbent upon a person asserting a right thereunder to prove that the law authorized the rendition of such a judgment, and that the steps taken to acquire jurisdiction both of the person and the subject-matter were duly had and taken according to the course of the law under which the

judgment was assumed to be rendered, and the facts necessary to jurisdiction must be shown. The cases which we have already cited sustain this view.

A Surrogate's Court or a Court of Probate is an inferior court of limited jurisdiction, and is consequently subject to the rule which we have announced. (*Matter of Hawley*, 104 N. Y. 250.) There was no evidence received by the surrogate in the present proceeding, and under the rule applicable to this decree, it would seem to follow that in fact it established nothing binding upon this petitioner, and upon the state of the proof the contestant could derive no benefit therefrom as against him. It also appeared upon the face of the record that the citation issued by the Connecticut court was served upon the petitioner by publication; that no personal service was ever made upon him, and it does not appear that any person, guardian or otherwise, was appointed by the court to represent him, or that he ever appeared in the proceeding, in person or otherwise. This, under the rules of law established in this jurisdiction, would not confer authority upon the court to make a decree which would be in anywise binding upon him. It seems plain, therefore, that nothing appeared from the decree alone which authorized the surrogate to give it any effect whatever. Undoubtedly, if the Probate Court acquired jurisdiction, such court acquired the right to establish the will and administer upon the personal estate of the testator, and this effect will be given to the decree. (*Bolton* v. *Schriever*, 135 N. Y. 65.) Such force will be given to it as is given to similar decrees of corresponding courts in our own jurisdiction. (*Bowen* v. *Johnson*, 73 Am. Dec. 49.) As it establishes the will and becomes operative upon the personal property of the estate, the decree will authorize the issuance of ancillary letters in the foreign jurisdiction, and such letters have the same force as though originally issued from the jurisdiction in which they operate. (Code Civ. Proc. §§ 2694–2704.) Such letters, however, have no effect upon title to real property. (Code Civ. Proc. §§ 2694–2697; *Matter of Merriam*, 136 N. Y. 58; *Corley* v. *McElmeel*, 149 id. 228.) And if the will be not executed in accordance with the laws of this State, it is not operative upon real estate, although it is operative as to personal property. (*Matter of Gaines*, 84 Hun, 520; affd., 154 N. Y. 747.)

What the status of this decree is or how far it may be, in fact, operative, or what it can operate upon, is not presently of consequence. No such question is now before us. All that we have to consider or decide, and all that we do decide, is that upon present proof this decree establishes nothing which can operate as an estoppel or as a binding adjudication upon the rights of the petitioner. As to him, if nothing further appears, he becomes entitled to have the prayer of his petition granted. The contestants may overthrow this view by proof in support of the decree showing that the court acquired jurisdiction both of the subject-matter and the person of this petitioner, and that the proceedings were regular; and, if so, then the will became established and the decree operative, so far, at least, as the personal property of the testator is concerned. In which event, the issuance of ancillary letters was proper, and the estate here will be administered thereunder.

If these views are correct, it follows that the decree should be reversed and the proceeding remitted to the Surrogate's Court for disposition, with costs and disbursements to the appellant to abide the final event to be paid out of the estate.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Decree reversed and proceedings remitted to surrogate for disposition, with costs and disbursements to appellant to abide final event, to be paid out of the estate.