(54 Misc. Rep. 442.)

### HODGE v. INTERNATIONAL REGISTRY CO.

(Supreme Court, Trial Term, New York County. May, 1907.)

JUDGMENTS—ACTION ON FOREIGN JUDGMENT—PRESUMPTIONS.

     In an action on a judgment of a court of general jurisdiction in a foreign state, jurisdiction of the person of defendant is to be presumed, and the failure of the return of the officer who served the process to state all the facts necessary to show compliance with the statutes will not overcome the presumption.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1472.]

Action by Alfred I. Hodge against the International Registry Company. Judgment for plaintiff.

Collin, Wells & Hughes, for plaintiff.
George W. Osgoodby, for defendant.

GREENBAUM, J. This action is brought upon a judgment alleged to have been recovered against the defendant in the district court of Dallas county, state of Texas. This judgment is assailed upon the ground that the sheriff's return does not show whether service of the writ of citation was made in or out of the state of Texas, nor whether a certified copy of plaintiff's petition accompanied the citation, as required by the statutes of Texas, nor whether the person served was in fact the local agent of the defendant corporation. It appears from an inspection of the judgment offered in evidence that the sheriff made return that one "J. M. Harris, state agent," was served, without disclosing where the service was made, or what is meant by the words "state agent." It does not appear that a certified copy of the plaintiff's peti-

tion accompanied the citation. The defendant was a corporation for-
eign to the state of Texas, and the statute of that state provides that in
any suit against a foreign corporation the citation may be served on
any local agent within the state of such corporation. It was established
on the trial that the circuit court of Dallas county is a superior court
of the state of Texas of general jurisdiction. · The presumption of juris-
diction of the person attaches to judgments of a superior court of gen-
eral jurisdiction of any state in the Union, unless it is apparent from
the record that the defendant was not served with process, or did not
appear in person or by attorney, or unless it be affirmatively established
that there was lack of authority in the attorney to appear. Teel v. Yost,
128 N. Y. 387, 391, 392, 28 N. E. 353, 13 L. R. A. 796; Galpin v. Page,
85 U. S. 350, 365, 366, 21 L. Ed. 959. "The record of the judgment is
prima facie evidence and will be held conclusive until clearly and ex-
plicitly disproved." Bosworth v. Vandewalker, 53 N. Y. 597, 600;
Voorhees v. Bank of U. S., 10 Pet. (U. S.) 449, 472, 9 L. Ed. 490.
In Applegate v. Lexington, etc., Mining Co., 117 U. S. 255, 269, 6 Sup.
Ct. 742, 748, 29 L. Ed. 892, it is held:

"While it must be conceded that, in order to give the court jurisdiction over
the persons of the defendants, all the steps pointed out by the statute to ef-
fect constructive service on nonresidents were necessary, yet it does not fol-
low that the evidence that the steps were taken must appear in the record
unless indeed the statute expressly or by · implication requires it. * * *
Every presumption not inconsistent with the record is to be indulged in in
favor of its jurisdiction [citing authorities]. It is to be presumed that the
court before making its decree took care to see that its order for construc-
tive service, on which its right to make the decree depended, has been obeyed."

The burden of establishing the fact that the court had not acquired
jurisdiction of the person is upon the defendant, upon proof of the
most satisfactory character. Ferguson v. Crawford, 86 N. Y. 609, 611.
It was not shown that the laws of Texas require that the judgment shall
disclose that all the steps required under its laws to effect service on
a nonresident must appear in the record of the judgment; hence un-
der the authorities it must be presumed that the court, before making
its decree, took care to see that proper service had been effected.

The learned counsel for the defendant relies upon the case of G.,
H. & S. A. Ry. v. Gage, 63 Tex. 568, as authority for the proposition
that, where the petition and writ failed to designate the local agent, no
action should be taken in the determination of the cause until proof is
made that the person served was really the local agent of the corpora-
tion, acting for it, and that the return of the officer is not conclusive
as to who the local agent was. It is to be observed that in the case
cited the defendant did not tender proof that the person served was not
the local agent of the corporation, and, although it was stated that the
better practice is to have it appear who the local agent was, the court
refused to quash the writ because of the absence of affirmative proof
as to the agency of the person served. The effect of that decision, as I
read it, is that the proceedings disclosed in the sheriff's return were at
most an irregularity, and that the return was not conclusive; that is, it
was open to successful attack upon proof that the person actually served
was not the agent of the corporation. Such seems to be the trend of

all the authorities upon the subject. It must be assumed that all steps necessary to confer jurisdiction were taken, and the judgment cannot be ignored because of mere irregularities in procedure. Had the defendant introduced proof that the person served was in fact not its local agent in Texas, or if such agent had not been served in said state, a different situation would be presented.

The cases relied upon by the defendant, of which Matter of Law, 56 App. Div. 454, 67 N. Y. Supp. 857, is typical, to the effect that it is incumbent upon the person relying upon a judgment of a foreign court to show that all the requisite steps were taken to confer jurisdiction, have reference to courts of inferior jurisdiction. This rule does not pertain to judgments rendered out of superior courts of general jurisdiction, and hence has no application to the case at bar. Judgment is directed in favor of the plaintiff.

Judgment for plaintiff.