JAMES D. COBB, Appellant, *v.* HENRY S. HANFORD, Respondent, Impleaded with Others.

88    21
42ap447

*Promise by a grantee to will the property to the grantor — probate of a will at variance with the promise, enjoined — prospective executor a proper party.*

The complaint in an action alleged that the plaintiff, in 1881, conveyed certain real estate to his wife, in consideration of which transfer she agreed to make an irrevocable will, devising the premises and their increase to the plaintiff; that she did this, and delivered the will to the plaintiff; that in 1894 she made another will, in which the defendant, Henry S. Hanford, was named as executor, making a different disposition of her property. Judgment was asked that Hanford be enjoined from proving the last will; that the former will be adjudged irrevocable and entitled to probate, and that the plaintiff be declared to be the owner of the property. A demurrer was interposed by Hanford.

*Held,* that the complaint stated a cause of action;

That the action was not premature, and that the court had power to enjoin Hanford as an individual from putting himself in a position as executor, where he might take the property into his own custody to the damage of the plaintiff, the rightful owner, and create a cloud upon the title.

APPEAL by the plaintiff, James D. Cobb, from an interlocutory judgment of the Supreme Court in favor of the defendant, Henry S. Hanford, dismissing the complaint as to said defendant, entered in the office of the clerk of the county of Monroe on the 26th day of February, 1895, upon the decision of the court rendered after a trial at the Monroe Special Term.

*W. A. Sutherland,* for the appellant.

*Albert H. Harris,* for the respondent.

LEWIS, J.:

The complaint alleges that on January 12, 1881, the plaintiff was the husband of Elizabeth M. Cobb; that he on that day conveyed to her certain real estate in Monroe county, in consideration of which she agreed to make her irrevocable will, in and by which she should devise the premises conveyed and their increase to her husband;

that she did on the same day duly execute her will in accordance with said agreement and delivered the same to the plaintiff; that she died August 23, 1894, leaving only the said property and the produce and income of the same, and that the defendant Hanford has filed with the surrogate of Monroe county his petition, reciting that a few days before her death Mrs. Cobb made another will, dated August 18, 1894, whereby she attempted to make a different disposition of her property, in which will she named the defendant Hanford as the executor thereof and constituted and appointed him as trustee of an undivided half interest in the property for the plaintiff. The plaintiff asked for judgment; that the defendant Hanford be enjoined from proving said last will; that the will of 1881 be decreed and adjudged to be the irrevocable last will, and, as such, entitled to probate, and that the plaintiff be adjudged to be the owner of said property.

The defendant Hanford demurred to the complaint on the ground that it did not state a cause of action against him. It is conceded by his attorney that if the facts pleaded be true the plaintiff will have, after the will is probated, a cause of action against all of the defendants except Hanford, and will have a good cause of action against him in his official capacity as executor, so that the question presented is as to whether there is a cause of action stated in the complaint against Hanford personally. The plaintiff unquestionably had such a right in this property under the agreement by which his wife became possessed of it, that if she had attempted to convey or incumber it in her lifetime she could have been restrained from so doing by this plaintiff. Such an attempt would have been a wrongful interference by her with his property, because she never acquired from the plaintiff the right to convey away the property either by deed or will. It is alleged in the complaint that the defendant Hanford is making such an attempt in the name of the testatrix and by her authority, and if he should succeed she would throw a cloud upon the plaintiff's conceded right and title to the property and place the same in his own custody wrongfully, and would create a charge and incumbrance upon the same in his own favor to the injury of the plaintiff's rights. It is conceded that, as soon as he had completed the wrongful act by proving the will, an action by the plaintiff would lie against him in his official capacity

as executor to declare wrongful and illegal all that he may have done, and to set aside such probate and adjudge the plaintiff to be the owner of the property, but until this last will has been actually proved and Hanford has been appointed executor thereof, it is claimed that no action will lie against him.

This position, which would be absurd if applied to a contract, a deed or a mortgage, is claimed by respondent to apply to a will, because of its exceptional and peculiar character, and that courts of equity are powerless to deal with wills as they do with other instruments.

It is not contended but that Mrs. Cobb could have been herself enjoined from executing the second will, but it is claimed that, having in fact executed it and assumed to revoke the former will, her last will must be allowed to go to probate.

The law is administered as well for the prevention as for the redress of wrongs, and it would seem upon principle that courts should possess as full power and authority to prevent such an attempt or threatened wrongful act as to render compensation for the wrongful act when committed.

It is true that the plaintiff in his complaint asks to have the last will adjudged fraudulent and void, and that the first will be proved and established. That, however, is not all the relief asked for. The plaintiff is not to be denied the relief to which he is entitled, for the reason that he has claimed too much in his complaint. The principal question here presented is, whether the defendant Hanford can be prevented from placing a cloud upon the plaintiff's conceded and unquestionable title to the property in question, and from creating a charge thereon, and from taking the same into his own custody and control against the consent of the rightful owner, and from raising an apparent, illegal and wrongful barrier against the right of the plaintiff to enforce the lawful and binding contract set out in the complaint, or whether the plaintiff must wait until the wrongful acts are committed before he can obtain relief. It is the contention of the respondent's counsel that the plaintiff's complaint asks this court to take cognizance of a question which exclusively belongs to the Surrogate's Court. It is the policy of this State to commit to the courts of probate the decision of questions arising upon the execution of alleged wills, and it is only in exceptional cases that

courts of equity will assume to interfere. (*Anderson* v. *Anderson,* 112 N. Y. 104.) We do not understand that the purpose of this action involves the consideration by the Supreme Court of any question which can arise upon the probate of a will.

The questions here for adjudication precede any action which can take place upon the probate of the will. The court is asked to enforce a legal contract made by the testator, which if enforced will prevent the presentation of the will to the Surrogate's Court for probate.

It is the contention of the plaintiff that Mrs. Cobb did not possess the power legally to dispose of the property in question by the second will; that in attempting to do so she was guilty of a fraud upon her husband's rights, and that the second instrument never became a will, and, hence, that the former will was never revoked, and is the one that should be presented to the surrogate for probate.

The defendant claims that if the plaintiff has any cause for action it is against him in his official capacity as executor and not against him individually. Until a will is admitted to probate the person named therein as executor is not vested with power to act as such. Letters testamentary may never be issued to him. Having been named in the will as executor he is authorized by the Code of Civil Procedur to offer the will for probate; this he can do, although he may not intend to accept the letters. The defendant Hanford, in addition to being designated as executor, is made trustee of an undivided half interest in the testatrix's property for plaintiff's benefit. We see no reason for holding that he is not individually a proper party defendant in such an action.

We are referred to many authorities bearing upon the questions presented for our decision, but none of them seem to be decisive of the questions before us. Although they are not free from doubt we incline to the opinion that a good cause of action was stated in the complaint against the demurring defendant individually, and that the interlocutory judgment appealed from should be reversed, but with leave to the defendant to interpose an answer within twenty days.

BRADLEY and WARD, JJ., concurred; WERNER, J., not sitting.

Interlocutory judgment reversed and demurrer overruled, without costs, with leave to the defendant to answer within twenty days.