---

(45 Misc. Rep. 554.)

## In re DAVIS' WILL.

(Surrogate's Court, Saratoga County. December, 1904.)

1. WILL—VALIDITY—APPOINTMENT OF EXECUTOR.

     A will may be valid though no executor was appointed thereunder.

2. SAME—PROBATE.

     Probate of a will will not be denied because the sole legatee and devisee and executrix died before the testatrix.

In the matter of the will of Jane Davis, deceased. Application for probate granted. Objections to the probate of the will alleged

that the sole legatee and devisee and the executrix named in the proposed will died before testatrix, so that under the will no property, real or personal, passed, nor was any person appointed as executor.

See 92 N. Y. Supp. 392.

Halstead H. Frost, Jr., for Samuel D. French and others.

Herbert J. Menzie and William B. Lee, for Emma Belle Davis, general guardian of infants Samuel Davis and Mara Belle Davis.

William B. Lee, for Mary Gardiner Stone.

William N. Cogswell, for proponents Hiram Camp Davis and Sarah Louise Davis.

John H. Burke and E. H. Peters, for contestant Robert D. Chittenden, administrator of this estate in Fresno county, Cal.

LESTER, S. The instrument propounded in this proceeding as the last will and testament of the above-named decedent purports to give, devise, and bequeath all her property, both real and personal, to her sister, Delia, and to appoint Delia the sole executrix thereof. It also contains a clause revoking all former wills made by the testatrix. The probate of this paper is opposed on the ground that Delia died before the testatrix, and that the devise and bequest to her lapsed; that letters testamentary cannot, for that reason, be issued to her, and that the will is therefore inoperative for any purpose, and is not such an instrument as is entitled to probate by this court.

The statute provides that a will of real and personal property, executed as prescribed by the laws of this state, may be proved as prescribed in chapter 18 of title 3 of article 1 of the Code of Civil Procedure; that, if it appears to the surrogate that the will was duly executed, and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint, it must be admitted to probate as a will valid to pass real property or personal property, or both, as the surrogate determines and the petition and citation require. The contestants object that the paper propounded is not a will, as the sole legatee and devisee is dead; and that, as she is also named as executrix, the so-called will neither disposes of any property nor appoints any executor, and is therefore no will at all, but only the semblance and shadow of a will. And this leads us to the point of considering what is meant by a will in our statute relating to the probate of wills. It is said by Redfield (Redf. Sur. [6th Ed.] § 182) that the instrument propounded must be testamentary in its character, and that the character of an instrument depends on its substance, and not on its form. Williams says (Williams, Ex'rs, 6):

"A last will and testament is defined to be the just sentence of our will touching what we would have done after our death, and in strictness, perhaps, the definition might be narrowed by adding 'respecting personal estate.'"

Williams adds, at page 7:

"'The naming or appointment of an executor,' says Swinburne, 'is said to be the foundation, the substance, the head, and is, indeed, the true formal

cause, of the testament, without which a will is no proper testament, and by which only the will is made a testament.'"

A will is defined by Johnson, J., in Tomkins v. Tomkins, 1 Bailey, 96, 19 Am. Dec. 656, to be a declaration of a man as to the manner in which he would have his estate disposed of after his death. Jarman defines it as an instrument by which a person makes a disposition of his property, to take effect after his decease. 1 Jarm. Wills, 16. At the present day and under the jurisprudence of our state, there is no doubt that, as the word "will" is employed in our statutes, it is not limited to instruments which appoint an executor; for it is well settled that there may be a valid will without the appointment of an executor, and our statutes provide for the administration of the estate in a case where no executor is named in the will. It is equally clear that the word "will," as used in our statutes, includes instruments that relate to real estate only. Accordingly, the most recent definition that I have found (29 Am. & Eng. Encyc. of Law, 124) defines a will as the legal declaration of a man's intention which he wills to be performed after his death touching either the disposition of his property, the guardianship of his children, or the administration of his estate. There can be doubt that a paper which was not intended by the decedent to take effect upon his death should not be admitted to probate, though in the form of a will. On the other hand, a paper which is intended to be a will, if properly executed, may be proved as such, although it appear in the form of a deed or a letter. So it has been held that a paper, though perfectly executed and attested, which was not made animo testandi, but in jest, only to exhibit the brevity of expression of which a will was capable, was not the will of the testator. Nichols v. Nichols, 2 Phillim. 180. It has also been held that if two persons, intending to make their wills, each by mistake execute the document prepared for the other, the instruments thus executed are not the wills of the parties executing them. Matter of Hunt, L. R. 3 P. & D. 250. And if the document was intended only as a contrivance to effect some collateral object—e. g., to be shown to another person to induce him to comply with the testator's wish—it is not a will. Lister v. Smith, 3 Sw. & Tr. 282. It is equally clear that a paper once duly executed as a will, but which has been expressly revoked by the testator, or which is presumed to have been revoked by the happening of those facts which the law declares shall raise a presumption of revocation, ought not to be admitted to probate. The question of revocation touches the testamentary intent, and it is the duty of the surrogate to investigate the question of testamentary intent, and to hear all legal proof that may be germane to that question. And there is authority for the proposition that, if the paper upon its face should not purport to dispose of any property whatever, and it named no executor, and if the language of the instrument could not, under any state of facts, import an intention on the part of the person executing it to do either the one thing or the other, it should not be admitted to probate. Probate has been refused in other jurisdictions in cases in which the instrument propounded made no disposition of property, or made only such as was

contrary to law, and failed to name an executor. Matter of Wharton Estate, 3 Sw. & Tr. 422; Matter of Ralston Estate, 1 Chest. Co. Rep. (Pa.) 482; Coffman v. Coffman, 85 Va. 459, 8 S. E. 672, 2 L. R. A. 848, 17 Am. St. Rep. 69; Matter of Goods of Fraser, L. J. Prob. 20. It is said in Rice on Probate Law and Practice (page 100) that it is essential to a valid will that there should be "a person to take capable of taking, for to render a devise or bequest valid there must be a donee in esse or in rerum natura, and one that shall have capacity to take the thing given when it is to vest, or the gift shall be void." And it was at one time the rule in this state that a will which devised the testator's real estate to the United States was not entitled to probate, for the devisee was incapable of taking, and the will was therefore void. Matter of Will of Fox, 52 N. Y. 530, 11 Am. Rep. 751. The rule thus established seems a reasonable one, and would relieve the probate courts of the state from the necessity of entertaining proceedings for the probate of instruments as wills that are void on their face, and from spreading such instruments at length upon their records. And it may be well urged that a doctrine which renders surrogates' courts powerless to escape from such a vain task relegates them to a state of singular impotency.

But a different rule seems to have been established by the Court of Appeals in Matter of Will of Merriam, 136 N. Y. 58, 32 N. E. 621, which involved the precise question involved in the Fox Case, and in which it was held that the surrogate had not the power to determine the invalidity of a devise to the United States, and the consequent invalidity of the will, on the ground that the devisee had not the legal capacity to take; but that, if a will assumes to make a devise of realty, or is broad enough to include a transfer of such property, the surrogate must probate it as a will of real property, if the petitioner so requests. And if it may not be determined by the surrogate that by reason of the incapacity of the devisee to take the will could never have had any effect, even at the moment of its execution, for an infirmity that appears upon its face, and requires no proof to develop it, and that it is therefore no will at all, much less can the surrogate determine that a paper which would have been effectual at the time of its execution and for a long time afterward to dispose of the entire estate of the testator in case of her death has, by reason of facts which will have to be established by proof, ceased to be effective, and for that reason has ceased to be entitled to probate.

Whatever rule may obtain, therefore, in other states or countries, or may have previously prevailed here, the present rule in this state must now be deemed to be that which is laid down in the Merriam Case; and it is my opinion, therefore, to reach the conclusion that the paper offered neither disposes of property nor appoints an executor, requires an investigation and the taking of proof that lies outside the scope of a proceeding for the probate of a will; that the present instrument, since it assumes to make a devise of realty, or is broad enough to include a transfer of such property, the surrogate must admit to probate as a will of real

property as the petitioner requests, if it is established that it was executed by the decedent animo testandi at a time when she was competent to make a will; and that the present proceedings should be continued for the purpose of enabling the parties to litigate those questions.

Decreed accordingly.