(62 Misc. Rep. 146.)

In re SANDS' ESTATE.

(Surrogate's Court, New York County.   January, 1909.)

1. WILLS (§ 346*)—PROBATE—JUDGMENT—CONCLUSIVENESS.
    A judgment of the probate court of Missouri admitting a will to pro-
    ·bate is not a conclusive adjudication until expiration of the period allowed
    for an action to determine the validity of the will, and the commencement
    of such an action immediately effects a vacation of the judgment of the
    probate court and leaves the question of the validity of the will open.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 803; Dec. Dig. §
    346.*]

2. JUDGMENT (§ 822*)—FOREIGN JUDGMENTS—CONCLUSIVENESS—PERSONS CON-
    CLUDED.
    A judgment of the probate court of another state admitting the alleged
    last will of decedent to probate does· not estop persons not parties to the
    proceedings in which the judgment was obtained from ignoring such pro-
    ceedings and proving that the instrument offered by them for probate is
    the last will of decedent.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1498; Dec. Dig.
    § 822.*]

3. WILLS (§ 226*)—PROBATE—PENDENCY OF PROCEEDINGS IN ANOTHER STATE.
    Where all the parties to a proceeding to probate a will are not parties
    to an action in another state attacking the validity of a will there probated
    as that of decedent, and the issues raised in that action do not involve all
    the issues presented in such probate proceeding, and the judgment which
    might be rendered will not necessarily affect the relief proponent seeks,
    the pendency of such action is not available to bar the prosecution of the
    probate proceedings.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 548; Dec. Dig. §
    226.*]

Application for the probate of the will of Emma C. Sands, deceased.
Will admitted to probate.

John B. Pine, for petitioner.
Charles W. Ridgway, for contestant.
Warren S. Bartlett, special guardian.

BECKETT, S.   It is admitted that most of the property of dece-
dent, which consisted entirely of personalty, was situated in this state
at the time of her death, and the evidence establishes that at that time
she was a resident of this county and that the papers propounded as
her will and codicil thereto were in all respects duly executed in con-
formity with the law of this state and are entitled to be admitted to
probate as her last will and testament, unless the proceedings which
were had in the courts of the state of Missouri prevent that result.
The judgment of the probate court of Independence county, in the
state of Missouri, admitting to probate an alleged subsequently exe-
cuted will of the decedent, which the contestant sought to introduce
in evidence to defeat the probate of the papers propounded in this
proceeding, was made in what is known as a "probate proceeding in
common form," and from the nature of that proceeding no notice

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereof was required to be given to the heirs at law or next of kin of the decedent or to any person in any way interested in sustaining the validity of the papers here offered for probate; and it does not appear that notice of the proceeding was given to or actually had by any of them, or by any party to this proceeding, although it might not unreasonably be surmised that that proceeding was not unknown to such of them as were interested in establishing the will affected by it and in preventing the probate of the papers here propounded.

After the termination of the proceeding in the Independence county probate court, an action was brought in the circuit court of Jackson county, in the state of Missouri, by the proponent in this proceeding and certain other of the parties thereto, within the time allowed by the statutes of that state for the purpose, to test the validity of the will so admitted to probate in that state. That action or proceeding is still pending; but all of the parties to this proceeding are not parties thereto. No attempt was made by the contestant in the present proceeding to prove the last-mentioned will in accordance with the requirements of the provisions of our Code relating to the probate of wills by Surrogates' Courts, he entirely resting his case upon the contention that the proceedings in the state of Missouri were a complete bar and answer to the present proceeding. Under the laws of the state of Missouri the judgment or action of the Missouri probate court was not capable of becoming a final or conclusive adjudication until the expiration of the period allowed by those laws for the commencement of an action or proceeding in the circuit court to determine the validity of the will, and then only in the event that no such action or proceeding had been commenced within the prescribed period. Such action or proceeding was brought, and, as previously stated, is now pending.

The judgment or action of the probate court, which is an inferior court of limited jurisdiction, was entirely interlocutory and inconclusive in character, and of no binding force whatever at the time of the commencement of the action in the circuit court, and the commencement of that action immediately effected a vacation of the action of the probate court and left the question of the validity of the will entirely open for trial and decision by the circuit court, precisely and as completely as if the action in the probate court had never been taken. Hogan v. Hinchey, 195 Mo. 532, 94 S. W. 522; Cast v. Lust, 142 Mo. 630, 637, 44 S. W. 724, 64 Am. St. Rep. 576. The judgment or action of the Missouri probate court not being a conclusive adjudication in the state of Missouri, obviously it cannot operate as such an adjudication in this state. But, whatever may be the force of that judgment in the state of Missouri, it could not and does not preclude or estop the proponent and the other parties to this proceeding, who were not parties to the action or proceedings in which it was obtained, from entirely ignoring such action or proceedings and proving, despite them, that the instruments under which they claim were the last will and testament of the decedent. Matter of Law, 56 App. Div. 458, 67 N. Y. Supp. 857; Matter of Gaines, 84 Hun, 520, 523, 32 N. Y. Supp. 398, affirmed 154 N. Y. 747, 49 N. E. 1097; Garvey v. United States Fidelity & Guaranty Co., 77 App. Div. 395, 79 N. Y. Supp. 337; Over-

by v. Gordon, 177 U. S. 214, 227, 20 Sup. Ct. 603, 44 L. Ed. 741; Tilt v. Kelsey, 207 U. S. 43, 51, 59, 28 Sup. Ct. 1, 52 L. Ed. 95; Brigham v. Fayerweather, 140 Mass. 415, 416, 5 N. E. 265; Bowen v. Johnson, 5 R. I. 112, 73 Am. Dec. 51.

It follows that the record of the proceedings in the probate court of Independence county cannot be admitted in evidence in this proceeding. All the parties to the present proceeding are not parties to the action in the circuit court of Jackson county, and the issues raised in that action are not entirely the same as, and do not cover or necessarily involve all, the issues presented in this proceeding, and the judgment which might be rendered in the circuit court need not necessarily, or at all, affect the relief the proponent seeks here. Such being the case, the pendency of the proceeding in the circuit court is unavailable as a bar to the prosecution or maintenance of this proceeding. Stowell v. Chamberlain, 60 N. Y. 272, 276; Mandeville v. Avery, 124 N. Y. 376, 387, 26 N. E. 951, 21 Am. St. Rep. 678; Clark v. Vilas Nat. Bank, 22 App. Div. 607, 48 N. Y. Supp. 192.

Having concluded that the proceeding in the state of Missouri presents no obstacle to the probation of the papers propounded, I shall, as previously intimated, admit them to probate as constituting the last will and testament of the decedent.

Decreed accordingly.