1. EXECUTORS AND ADMINISTRATORS (§ 507*)—ACTIONS TO CONSTRUE—PROBATE COURTS—JURISDICTION.

 On a proceeding by the Surrogate's Court under Code Civ. Proc. § 2606, to compel an accounting by an executor of an executor, the will cannot be construed where it appears that no accounting should be had.

 [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2005; Dec. Dig. § 507.*]

2. EXECUTORS AND ADMINISTRATORS (§ 458*)—ACCOUNTING.

 Where by the will of a married woman her husband is made a life tenant of her entire estate, the Surrogate's Court, on the death of the husband, is without jurisdiction to direct his executors to account as to such estate, on the petition of her administrators with the will annexed; the husband having discharged her debts, and paid her funeral expenses.

 [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1971, 1972; Dec. Dig. § 458.*]

In the matter of the estate of Anna E. Comer. Proceedings to compel executor of an executor to account. Prayer of petitioners refused.

Joseph Merritt, for petitioners.
Murray, Bennett & Ingersoll, for respondent.

FOWLER, S. This matter is brought on for hearing by the petition of Harriet H. Phillips and George W. Murray, as administrators cum testamento annexo of Mrs. Anna E. Comer, deceased. Petitioners became such administrators on the death of John H. Comer, sole executor under the will of his wife, Anna E. Comer, deceased.

The petition of the administrators shows in legal effect that Mrs. Anna E. Comer's will was admitted to probate by a decree of the surrogate for this county on the 15th of September, 1906. John H. Comer, her husband, was named sole executor therein, duly qualified as such executor, and received letters testamentary pursuant to such will. On the 8th day of February, 1910, John H. Comer died testate, possessed of a large amount of property coming to him as such executor, or pursuant to the will of his wife, Anna E. Comer. During his lifetime John H. Comer was tenant for life only of the said estate so passing under the will of his wife, and at his death certain legacies under the will of his wife became operative by way of remainders, or otherwise payable, and these petitioners themselves are now entitled to discharge and satisfy such legacies out of the estate which originally passed under Mrs. Comer's will to John H. Comer, as executor, and to the possession of such portion of said estate as is unnecessary to discharge the legacies remaining unpaid. John H. Comer, as such executor, never accounted for the estate of his wife in his lifetime, and took no proceedings for the settlement of said estate. The petition further shows that on the 8th of February, 1910, John H. Comer died testate, still possessed of a large amount of property passing to him as executor under the will of his wife, Anna E. Comer; that let-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ters testamentary on the will of said John H. Comer were duly thereafter issued to the respondent, Henry C. Wisner, as sole executor of John H. Comer. Mr. Wisner qualified as such executor, and as such executor became possessed of assets and property which had come to John H. Comer as sole executor of his wife and which are now applicable to the unsatisfied legacies given by the will of Anna E. Comer. Petitioners allege that Mr. Wisner refuses to account for such property as was of Mrs. Comer in her lifetime. The petitioners pray accordingly that Henry C. Wisner, as executor of John H. Comer, render and file an account of the proceedings of John H. Comer as the executor of the will of Anna E. Comer, and that Mr. Wisner turn over to the petitioners all the remaining property and assets of Anna E. Comer in her lifetime, to be administered by petitioners as administrators of Mrs. Comer cum testamento annexo. Such, in outline, appear to be the facts and prayer set forth in the petition.

Mr. Wisner by answer denies in substance that any property of Anna E. Comer ever came into his custody or control, but avers that such property was by reason of the will of Mrs. Comer and the powers exercised thereover by John H. Comer in his lifetime or otherwise the sole property of John H. Comer individually, and that at the death of John H. Comer he was possessed thereof in his own right, in full property and dominion, free from any constructive trust or claims of legatees of Anna E. Comer, or rights of any person soever, and particularly of these petitioners. Mr. Wisner further avers, in substance, that John H. Comer in his lifetime, of his own motion, paid and satisfied all of the legacies made payable by the residuary clauses of the will of Mrs. Comer, excepting eight legacies aggregating some $28,000, and that these legacies, whatever they were in amount, so remaining unpaid, John H. Comer by his will directed to be paid by his executor, without deduction for tax; that, all the residuary legacies being thus provided for, no one other than John H. Comer had or has any interest in the property formerly of his wife, Anna E. Comer, and consequently no title to an accounting in respect thereto from the executor of John H. Comer, deceased.

Mr. Wisner, as the executor of John H. Comer, further avers, in substance, that, if John H. Comer did not so take and hold the personal property of his wife absolutely, or in full property and dominion, by virtue of her will, then Anna E. Comer died intestate in respect to such property, as her husband did not take expressly under her will, and that, in that event, John H. Comer succeeded thereto jure mariti, without the necessity of administration, Mrs. Comer having left no issue or descendants her surviving, and her debts and precatory, or possible, legacies being fully paid or provided for by John H. Comer. Although Anna E. Comer left no descendants her surviving, it appears that her husband, John H. Comer, left a son of a former marriage. This son, of course, has no standing in respect to the estate of Anna E. Comer, and was not, I think, cited on this proceeding, but the son of John H. Comer appears, nevertheless, by his counsel, and urges, in substance, that the executor of his father should not be held to the account sought, and that John H. Comer died indefeasibly possessed

in his own right and in full property and dominion of all the personal property which passed to his executor, Mr. Wisner.

It is apparent that the petitioners' right to the account sought in this proceeding depends primarily on the nature of John H. Comer's tenure of the property passing to him on the death of his wife. If he did not at the time of his death hold it as her executor, the petitioners herein have in this court no right to the account sought; and in that event this court has no jurisdiction to construe the will of Anna E. Comer in this proceeding, even for the purpose of an accounting. It appears from the papers submitted to the surrogate that the will of Anna E. Comer on its face provides, first, for the payment of the just debts of Mrs. Comer and her funeral expenses. These, it may be remarked, appear to have been fully paid and satisfied by John H. Comer. The will then makes a specific devise of Mrs. Comer's homestead property at Goshen, Orange county, N. Y., to her sister, Mrs. Phillips. Next come the final dispositions of the will, as follows:

"Third. I give, devise and bequeath to my husband, John H. Comer, to have and to hold the same during the term of his natural life, all the rest, residue and remainder of my estate, both real and personal, of every kind and nature and wheresoever situated, and further I hereby authorize and empower him said John H. Comer, at any time during his lifetime, to sell and dispose otherwise of any part of the same as he may deem expedient, with full power to make, execute, acknowledge and deliver any and all instruments which may be deemed necessary for that purpose.

"Fourth. And of and from such of my estate as shall be left and undisposed of by my said husband at the time of his death, I give, devise and bequeath as follows: (Here follows seventeen pecuniary legacies, aggregating $53,000.)

"Fifth. And I hereby constitute and appoint my said husband, John H. Comer, to be the sole executor of this my last will and testament and direct that he shall not be required to give any bond for the faithful performance of any of his duties as such executor."

It also appears from the papers submitted on the hearing that at the time of the death of Anna E. Comer the property passing under her will or otherwise was personal property, with the exception of the freehold property at Goshen, Orange county, N. Y., specifically devised by the will to the sister of testatrix, and two other parcels of real property which John H. Comer in his lifetime sold for $3,000 to Harriet H. Phillips, the sister of his wife, and, as it now happens, one of the petitioners for this accounting. Thus, with the exception of the two parcels so sold to Harriet H. Phillips, John H. Comer's rights and obligations under the will of his wife, Anna E. Comer, or otherwise, are referable to her personal property. Whether the sale to Harriet H. Phillips was in execution of the powers annexed to the life estate of John H. Comer does not appear in the papers. If it was, and Harriet H. Phillips claims to hold same for a fee simple, the petitioners have in some measure construed the will of Mrs. Comer for themselves, and as it is in some degree construed by respondents.

In so far as the devises to John H. Comer are concerned, the fact that he is also named in the will as his wife's executor eo nomine makes no difference. The will itself was sufficient to carry the legal title to all lands of which his wife died seised to John H. Comer in-

dividually. His estate by the devise may have been only for the term of his natural life, with certain powers of disposition annexed thereto, with certain remainders, vested as to interest but contingent as to enjoyment, by reason of the peculiar provisions of the Revised Statutes tolerating remainders in mere possibilities. Concerning the quantity of John H. Comer's estate, the surrogate ought not to express an opinion. It is very clear that, in respect of the real property of which Mrs. Comer died seised and which passed by devise to her husband, her administrators with the will annexed are not entitled to an account against the executor of John H. Comer in this tribunal. Neither John H. Comer, as executor of his wife, nor Mr. Wisner as executor of John H. Comer, deceased, had anything whatever to do with the real property devised to Mr. Comer individually. Real property it was under the will of Anna E. Comer, and real property it remained at John H. Comer's death, in so far as this tribunal is concerned, even though John H. Comer may have sold it under the power annexed to his life estate. In his capacity of executor, John H. Comer had nothing to do with the real property of which his wife died seised or its proceeds. If any one had or has rights over such property other than John H. Comer, it is not these petitioners.

Concerning the status and title of John H. Comer at his death in reference to the personal property formerly of his wife, Anna E. Comer, in her lifetime, more detailed consideration is necessary. The personal property of Mrs. Comer at the time of her death may be taken to have been of the aggregate value of $182,541.21, according to the report of the appraisers appointed for the purpose of adjusting the transfer tax. It is not denied that the personal property of Mrs. Comer was bequeathed to her husband "to have and to hold the same during the term of his natural life"; the debts and funeral expenses of Mrs. Comer being first paid. The debts and funeral expenses being discharged, John H. Comer then held the balance of such personalty "for the term of his natural life," with certain powers superadded. On the nature and legal effect of these powers it is unnecessary and it would be improper for the surrogate to express an opinion in this proceeding. On the life estate to John H. Comer were limited what appear to be certain "remainders" which Mr. Comer in any event chose to treat as vested, and he gave effect to them in his lifetime or by provisions contained in his own last will and testament. The value of the rights of those so entitled in remainder under the will of Anna E. Comer aggregates some $53,000, leaving some $129,-541.21, more or less, held by John H. Comer for his life, but subject to no legacies, executory interests or remainders limited in the will of Mrs. Comer. If John H. Comer took by the will a life interest only in the surplus of $129,541.21, then as to that he was, by virtue of the will, entitled to and had the same right of possession, enjoyment, and disposition as he had in respect to the other property.

It must be apparent that the courts of the surrogates have no jurisdiction to direct the account sought. By the will of Anna E. Comer her husband, John H. Comer, was both a tenant for life and her executor. When John H. Comer discharged the debts and paid the fun-

eral expenses of Mrs. Comer, his executorial functions were at an end. His tenure of all the estate passing under the will was then at least that of tenant for life in possession, with certain powers superadded or annexed to the life estate. Whether such powers are to be regarded as beneficial or in trust, it is unnecessary and would be improper for the surrogate to attempt to decide in this proceeding. In respect to all such property as Mr. Comer held as life tenant, his possession was precisely the same as if he had not been the executor of his wife, but had received it from a third person as executor of his wife's will. If Mrs. Comer had not named her husband her executor, there could have been no claim in this court against John H. Comer for an account in respect of the property enjoyed by him at least for a life tenancy. But, even as it is, the property really sought to be reached in this proceeding was not at his death held by John H. Comer in his capacity as executor, but as tenant for life, and by virtue of the bequest to him which was, at least, for the term of his own life. At this point let us look for a moment at some very elemental principles which are conceded to control the title of executors in legal theory.

The title of an executor to the goods and chattels of a deceased is not always that of a trustee only. In modern law various legal theories are properly applied to the possession of executors, according to the facts of a given case. In the jurisprudence which underlies all modern testamentary succession, the title of an executor was regarded as that of the testator, because he was eadem persona as the testator. At common law the executor's title was sometimes attributed to the fact of his possession, as title to personal property is presumed from the mere fact of possession. Doubtless the present tendency of modern jurisprudence is to regard the executor as a trustee, both for creditors and legatees; but, in order to apply this last theory, it is obvious that there must be creditors or legatees or other cestuis que trustent at every stage of the executor's possession, for, if the theory of trust is applied to such a possession, the trust ceases when the trust purposes are at an end. With this retrospect of perhaps too elementary principles for such a well-argued cause as this, we proceed to examine the position of John H. Comer under the will of his wife.

The modern and established rule, that title to personal property passing under a will vests first in the executor qua executor, is admitted to have no application where the testator himself by specific bequest places property bequeathed in the possession of the legatee. When a man is both legatee and executor, this is precisely what the testator does; and the possession of a person so situated is to be distinguished from that of a mere executor who is not a legatee. As far as legal requirements exact, John H. Comer's possession will be that of executor, but no further. His possession of the personal property was at his death that of a life tenant in possession. The case of Leggett v. Stevens, 185 N. Y. 70, 77 N. E. 874, shows that such would, we think, be the conclusion of the Court of Appeals on this point for the purposes of this cause. In Leggett v. Stevens the life tenant and the administratrix with the will annexed of her husband

were the same person, and her separate existence in her representative capacity was not confused with her rights and obligations as tenant for her own life of personal property in her possession but passing to her under the will of her husband. Had Mrs. Comer named some other than her husband her executor, such executor would have been justified in giving to John H. Comer (even if life tenant only, in view of the powers committed to him over the corpus) unrestricted possession of the personal property, leaving it to the possible remaindermen to settle their rights with the tenant for life. In that event the executor's accountability would have been at an end. He would thereafter have been "discharged of all liability and divested of all power concerning it." Smith v. Van Ostrand, 64 N. Y. 278, 286; Leggett v. Stevens, 185 N. Y. 70, 76, 77 N. E. 874; Matter of Ungrich, 48 App. Div. 594, 597, 62 N. Y. Supp. 975. The mere fact that in this cause John H. Comer was both tenant for the term of his own life and executor does not change the rule of law last indicated. As to the administrators of Mrs. Comer with the will annexed, their position is the same as if they themselves had delivered the personal property to John H. Comer, the tenant for his own life at least. The rights and obligations of such administrators in respect of such property so surrendered would ipso facto have terminated.

It is obvious from the facts submitted on the hearing for other ends that John H. Comer treated himself as tenant for life in possession with powers superadded, and it seems to the surrogate that Mr. Comer acted advisedly in so regarding himself. This being so, the administrators of Anna E. Comer with the will annexed have no title to an accounting in this court against the executor of John H. Comer, deceased. The claims, if any, in respect of such property by third persons, must be adjudicated in some other way.

[1] The jurisdiction of the courts of the surrogates to construe wills and testaments for the purposes of accountings is a very special and restricted one. It must, however, be conceded that in a limited form the jurisdiction of courts of probate in this state to construe wills is not always express, as sometimes said, for incidentally it is sometimes necessary for such courts to construe wills in order to enforce a recognized jurisdiction. Burgess v. Marriott, 3 Curt. 424; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599. Surrogates are now specially empowered in this state on probates to construe wills by section 2624 of the Code of Civil Procedure. But that section has no application or relation to this proceeding brought on by a citation issued under section 2606 of the Code of Civil Procedure. That the powers of the surrogates to construe wills on accountings are very restricted and only exist when incidental to an accounting actually in court was, we think, in the mind of the court in Leggett v. Stevens when they doubted the jurisdiction of the surrogate in that case. See Leggett v. Stevens, 77 App. Div. 620, 79 N. Y. Supp. 289. This doubt seems to have been shared in by those who sought relief in an independent and proper action in the case of Seaward v. Davis, 198 N. Y. 415, 91 N. E. 1107. All the jurisdiction which the courts of

the surrogates possess over compulsory accountings of executors of executors is now to be found in section 2606 of the Code of Civil Procedure, enacted in the year 1880 and since. amended. It can hardly be contended that that section, even as amended, affords a jurisdiction to construe a will further than is absolutely essential to an accounting already pending under that section. Where it appears that petitioners have no standing to demand an accounting, or that the executor of the executor has no property of the former executor for which either was accountable to the party seeking the accounting, the jurisdiction of this court for any purpose of construction of the will is clearly at an end. It is for this reason that it is deemed improper for the surrogate to express an opinion on many of the very interesting points made in the very able briefs of counsel.

[2] In order to obtain an accounting under section 2606 of the Code of Civil Procedure, the petitioners must show that they have a right or title to the accounting sought, and that the respondent is obliged by law to such an account. It seems to the surrogate clear that the petitioners, as administrators of Anna E. Comer with the will annexed, have no standing to demand the account sought, and that John . H. Comer at his death held the property, formerly of his wife, at least as tenant for the life of John H. Comer, and not as the executor of Anna E. Comer, and that the petitioners have failed to bring themselves within section 2606 of the Code of Civil Procedure.

The prayer of the petitioners is therefore refused. Submit order in conformity with this opinion.

Decreed accordingly.