(Surrogate's Court, New York County. February, 1912.)

1. COURTS (§ 472*)—SURROGATES' COURTS—JURISDICTION.
   Jurisdiction to determine intestacy in the first instance is vested in the surrogates, in so far as the factum of a will of personalty is concerned.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1199–1224, 1247–1259; Dec. Dig. § 472.*]

2. JUDGMENT (§ 636*)—CONCLUSIVENESS—JUDGMENTS CONCLUSIVE—JURISDICTION OF COURT.
   Where letters of administration were issued to the widow of one who died seised of real property, no will having been found, and subsequently decedent's children by separate deeds conveyed their interest to the widow, a judgment of the Supreme Court setting aside for fraud conveyances by one of the children is not res judicata in a proceeding to probate decedent's will, which was found before the entry of the judgment,

since a finding of fact by the trial judge that decedent died intestate was void at least in so far as the will related to personalty; the Supreme Court having no jurisdiction to adjudicate intestacy.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1150; Dec. Dig. § 636.*]

In the matter of the probate of a paper propounded as the last will of Patrick J. Connell, deceased. Probate denied.

Somerville & Somerville, for proponents.
William B. R. Faber, for contestant.

FOWLER, S. Petition to the surrogate to probate a script propounded as and for the last will and testament of Patrick J. Connell, deceased, as relating to both real and personal property.

The proponent has established with sufficient particularity the factum of a will, and the paper propounded is clearly entitled to probate as the testamentary act of a capable testator, unless the position of the contestant that it is res adjudicata, and binding on the surrogate, that Patrick J. Connell, the maker of the script now propounded, died intestate, controls. The other positions of contestant, taken in writing, viz., that the will was the offspring of undue influence and delusions, have not been supported by adequate proofs, and need not, therefore, be further noticed.

It appears that Patrick J. Connell made the paper propounded animo testandi on December 4, 1889, and that he died in this county on November 1, 1905, seised of certain real property of very considerable value. Thereafter, the paper propounded not being found, letters of administration were duly issued to Mrs. Ellen Connell, the widow of deceased, by virtue of certain proceedings to that end, taken and had in the county of New York before the surrogate for said county. It appears also, before me, that thereafter the children of the deceased conveyed by separate deeds to their mother, Ellen Connell, all their estate, right, title, and interest in the real property formerly of their father, Patrick J. Connell, deceased. Thus Mrs. Connell became seised thereof prior to the times hereafter mentioned. One of these grantors, Mrs. Mary A. Apgar, who is now the sole contestant in this proceeding for probate, thereafter brought her action in the Supreme Court of this state, alleging, in substance, that such conveyances by her to her mother were procured by fraud, and that the same were void. In such action Ellen Connell, now the proponent in this proceeding, was named as sole defendant, while Mary A. Apgar was the sole plaintiff. The action in the Supreme Court resulted in a judgment in favor of Mrs. Apgar, entered on the 21st day of February, 1911, whereby it was adjudged, in substance, that the several conveyances made by Mrs. Apgar to her mother were null and void and of no effect as against Mrs. Apgar. The formal judgment of the Supreme Court does not set forth in hæc verba that Patrick J. Connell died intestate, nor was it necessary to the case. But the first finding

of fact made by the trial judge and a part of the judgment roll is as follows:

"First, That on the 1st day of November, 1905, Patrick J. Connell died intestate, being then a resident of the borough of Manhattan, city of New York, county and state of New York, and leaving him surviving his widow, the defendant, Ellen Connell, and his children, the plaintiff, Mary A. Apgar, one Christopher A. Connell, Joseph F. Connell, John A. Connell, Elizabeth G. Sullivan and Ellen V. Connell, all of whom were of full age and sound mind."

Before the entry of such judgment in the Supreme Court the script propounded as the will of Patrick J. Connell was found, and on the 6th day of June, 1911, it was filed in this court for probate. Mrs. Apgar, the contestant, thereafter filed her several objections, before noticed, to such probate. The only question left for my consideration is, Does such judgment of the Supreme Court operate as a conclusive estoppel or bar to a decree of probate in this proceeding? On behalf of Mrs. Apgar it is contended that it does so operate. The widow claims otherwise. The question is not as devoid of interest as it is of direct authority in point, and I have, therefore, been compelled to examine it for myself.

When wills of personalty alone were cognizable in the ecclesiastical courts, a plea of estoppel of record was not, I think, tenable as a defense in a probate proceeding. In such proceedings the jurisdiction of the court was confined to matters which arose immediately on the script or scripts propounded. It has been recently intimated that in a proceeding for probate the factum of will still remains the only question for the surrogate, and that upon due proof of the statutory requirements it is the surrogate's duty to decree for probate. Matter of Davis, 182 N. Y. 475, 75 N. E. 530. And see Code Civ. Pro. § 2623. This intimation, in line with older authorities, is so recent and so long subsequent to the statutes which permit devises, or wills of real property, to be probated in the courts of the surrogates, as to be significant of a continuing condition.

Wills of real property, or devises, technically speaking, have been subject to probate in the courts of New York from the earliest times. Duke's Laws of 1665, tit. "Administration"; Laws 1692, c. 27; Laws 1786, c. 27; Laws 1787, c. 38; 2 R. L. 365; 2 R. S. 57; Decedent Estate Law, § 23; Code Civ. Pro. § 2623. But, ever since wills of realty or devises became subject to probate, the decree of probate has not been conclusive upon the validity of the devise. Van Alst v. Hunter, 5 Johns. Ch. 148, 155; Corley v. McElmeel, 149 N. Y. 228, 235, 236, 238, 43 N. E. 628; Wallace v. Payne, 14 App. Div. 597, 599, 43 N. Y. Supp. 1119; Lyons Nat. Bank v. Shuler, 199 N. Y. 405, 410, 92 N. E. 800. Even now a devise or will of real property only need not be probated, and the validity of the devise may be brought to a determination in a court of law without probate. Corley v. McElmeel, 149 N. Y. 228, 235, 43 N. E. 628. The only object of probate of a devise is to set the statute running. Cole v. Gourlay, 79 N. Y. 527; Werner v. Wheeler, 142 App. Div. 367, 127 N. Y. Supp. 158. The distinction pointed out makes it, however, apparent that if a devise of real property only is adjudged void in a competent court of

law of this state, and thereafter the will containing the devise is presented to the surrogate for probate, orderly administration may dictate that the judgment of the court of law is to be treated as an estoppel of record, or as res adjudicata and binding on the surrogate. Fox v. Fee, 24 App. Div. 314, 318, 49 N. Y. Supp. 292; Matter of Hamilton, 76 Hun, 200, 205, 27 N. Y. Supp. 813. But, independently of the effect of the modern legislation respecting the probate of devises, I am satisfied that the surrogate as a probate judge cannot entertain a plea of estoppel of record in a mere proceeding to probate a will. Let us consider for a moment in this connection the abstract powers of courts of probate sitting as courts of probate only.

The grant of a probate jurisdiction in general terms implies certain powers only. By reason of the peculiar constitution of courts of probate the forms of defensive allegations in proceedings for probate are said to be fixed and stereotyped, and ordinarily a probate court has no power to entertain any others. Certainly this would be as true here as it is elsewhere, unless the practice in probate causes has been changed by some innovating statute. In the absence of such a statute, in a proceeding for probate of a script, only the following defenses may ordinarily be made in a probate court: (1) Undue execution of the script propounded; (2) unsoundness of mind of the testator; (3) want of knowledge and approval of the testamentary paper by testator; (4) undue influence exerted over testator; (5) fraud exercised upon testator; (6) that the script propounded is not a testamentary instrument; (7) that the paper has been revoked. It is doubtful if a court of probate under a general grant of jurisdiction has, without the aid of enabling statutes, power to entertain in a probate cause any defenses other than those indicated. Certainly, notwithstanding intimation of surrogates of this state to the contrary in isolated instances (Matter of Lyman, 14 Misc. Rep. 352, 36 N. Y. Supp. 117), the surrogates have no power in probate causes to entertain pleas which embody in substance a title to relief in courts of equity, and in such instances it is necessary for the remonstrant to have recourse to courts of equity for the equitable relief sought. Pettigrew v. Foshay, 12 Hun, 483, 487; Cobb v. Hanford, 88 Hun, 21, 34 N. Y. Supp. 511. The grounds of such relief in equity arise from considerations dehors the regularity or validity of the script propounded.

Formerly, when a will concerned personal property alone, the ordinary was bound to grant probate, and a refusal on his part led to a mandamus. 1 Williams, Exs. (Ed. of 1838) 237; Marriott v. Marriott, 1 Stra. 672; Rex v. Sir G. Hay, 5 Burr. 2295; Rex v. Bettsworth, 2 Stra. 857. At that time estoppel or acquiescence was not a bar to probate. Bell v. Armstrong, 1 Add. 365.

The present jurisdiction of the courts of the surrogates of New York in probate matters is statutory. Code Civ. Pro. §§ 2472, 2623. But the nature of the jurisdiction and the incidental powers of the surrogates, as well as the procedure in probate matters in the absence of statutory directions, are not according to whim or caprice, but they are regulated by established usage of probate courts anciently established in New York. Martin v. Dry Dock, E. B. & B. R. R. Co., 92

N. Y. 70, 74; Matter of Carter, 74 Misc. Rep. 1, 133 N. Y. Supp. 722; Matter of Meyer, 72 Misc. Rep. 566, 569, 131 N. Y. Supp. 27. It is difficult to speak in general terms of all the elements of the surrogate's present jurisdiction, for, by reason of the various sources from which such jurisdiction flows, some peculiar powers of the surrogates are plenary, while some others, formerly invested in the courts of equity or law exclusively, are special or restricted, and have been transferred expressly by statute to the existing surrogates, and consequently depend wholly on the terms of the grant of power. The probate jurisdiction of the surrogates has not been altered by modern statutes in any material respect, and in that branch of the court the surrogates' powers remain such as they have been in this state for a very long period of time. When sitting as a probate judge the surrogate possesses no equitable powers, although by recent statute when his probate power has been exercised he may continue to sit as a court of construction. Matter of Davis, 45 Misc. Rep. 554, 92 N. Y. Supp. 968; Id., 105 App. Div. 221, 93 N. Y. Supp. 1004; Id., 182 N. Y. 475, 75 N. Y. Supp. 530; Code Civ. Pro. § 2624. There are other instances where the statute confers specific equitable powers on the surrogate. Matter of Comer, 72 Misc. Rep. 321, 329, 131 N. Y. Supp. 187. But such acts appear to have no relation to the probate jurisdiction of the surrogate. They relate to the other branches of the surrogate's jurisdiction.

[1] Whether the fact that wills of real property are now the subject of probate, and yet that the devise before probate may be adjudicated void by a court of law, alters what I conceive to be the old rule, that the surrogate cannot ordinarily consider a plea of estoppel by record in a proceeding for probate, is the doubt in this cause. Yet the sentence of the surrogate in a proceeding for probate of a will containing a devise goes only to the due execution of the script or factum of the will, and it can never determine the validity of the devise itself, at least until some constitutional statute to that end shall so authorize the surrogate. Anderson v. Anderson, 112 N. Y. 113, 19 N. E. 427, 2 L. R. A. 175; Code Civ. Pro. §§ 2623, 2624. The judgment of a court of law on the validity or invalidity of a devise, and the sentence of a surrogate, sitting as a probate judge, that the script propounded containing such devise is or is not a last will and testament, have few points of resemblance. A devise in a will may be void, and yet the will itself be a valid testamentary act. Such judgments operate on different subject-matters, and the spheres of judicial action are entirely different in the different tribunals. Matter of Merriam, 136 N. Y. 58, 60, 32 N. E. 621; Matter of De Witt, 113 App. Div. 790, 99 N. Y. Supp. 415; Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175; Bailey v. Stewart, 2 Redf. Sur. 212, 232; Matter of McLaughlin, 1 Tuck. 79.

[2] If the adjudication of the Supreme Court now interposed as a bar related in the first instance to the invalidity of a will of personalty, it could not be res adjudicata, for the reason that the surrogate alone of all the courts of this state has plenary power, in the first instance, to determine the validity or invalidity of a will of per-

sonal property. Neither a court of law nor a court of equity has any authority to look at a testamentary instrument, disposing of personal estate, unless it has been first admitted to probate. In this department the jurisdiction of the courts of the surrogates is exclusive (Anderson v. Anderson, 112 N. Y. 104, 113, 19 N. E. 427, 2 L. R. A. 175; Matter of Kellum, 50 N. Y. 298; Vanderpoel v. Van Valkenburgh, 6 N. Y. 190, 198; Stone v. Forsyth, 2 Doug. 707, cited in Tatnall v. Hankey, 2 Moore, P. C. C. 351; Allen v. McPherson, 1 Cl. & Fin. 207. See note to 2 Lee, 541), and the sentence is binding on all other courts until reversed (Herst v. Beach, 5 Madd. 351; Matter of Carter, 74 Misc. Rep. 1, 133 N. Y. Supp. 722).

As for reasons already indicated I have some slight doubt upon the entire validity of the plea or allegation of res adjudicata in this proceeding for probate of a testamentary paper never probated, I will not now decide the abstract question, or hold that res adjudicata is never defensive in a probate proceeding on an unprobated testamentary script. There are other matters which seem more certainly decisive of this cause and which I will now consider. When I come to take cognizance of the plea or allegation of res adjudicata, or estoppel by record, as a substantive and proper plea or defensive allegation to a probate proceeding, I must apply the ordinary legal tests controlling estoppels by record, and to that end must examine the judgment roll for myself and determine what matters were cognizable or adjudicated in the action in the Supreme Court, for only such matters are res adjudicata.

The action in the Supreme Court by Mrs. Apgar to set aside her deeds of conveyance for fraud was of an equitable nature, or in personam. The proceeding for the probate of a testamentary paper is one in rem, or, as sometimes said, quasi in rem. The legal title of Mrs. Apgar was not drawn into issue or examinable in such action, and it was inartificial for plaintiff to allege it in any way. The plaintiff, as it will be remembered, brought suit against her grantee to annul plaintiff's own conveyances for fraud or circumvention in and about the conveyances. It was unnecessary for plaintiff in such a suit to allege that her father died intestate or to set forth her title to the property conveyed. Even a mere allegation of seisin, or title of plaintiff, was probably unnecessary in such a suit, and, in any event, a bare allegation of seisin would have sufficed for all purposes of that suit. The defendant in that suit was bound to repel and did repel only the accusation of fraud, as the matter sub judice in the Supreme Court was the equitable fraud or circumvention of the grantee and nothing else. Mrs. Apgar's title to the estate conveyed by the obnoxious deeds was a matter in pais, or one of legal cognizance only, and not drawn into question in the equity suit. The grantee could not assail her grantor's title in any action of that nature in equity. This being so, the finding of the Supreme Court that Patrick J. Connell died intestate was the merest surplusage and inconsequential. Matter of Wright, 6 N. Y. Supp. 773; Bogert v. Vermilya, 10 N. Y. 447, 448; Embury v. Connor, 3 N. Y. 511, 523, 52 Am. Dec. 325.

Again, the real parties to the action in the Supreme Court and to

this proceeding are not the same. · The proceeding for probate, being a proceeding in rem or quasi in rem, in which the citation runs to all the heirs at law and next of kin of Patrick. J. Connell, the judgment in the Supreme Court is no bar to those parties here cited, who were not parties or privies to such action. Matter of Price, 62 Misc. Rep. 149, 116 N. Y. Supp. 283; Matter of Wright, 6 N. Y. Supp. 773. There is no privity at common law between an heir and an executor. The mere fact that the person named as an executor in the script propounded was a party to the Supreme Court action by reason of her alleged fraud cannot preclude the persons taking under the will propounded from a right to have probated the paper in which they were named as legatees (Paxton v. Patterson, 10 N. Y. Supp. 303, 12 N. Y. Supp. 563), even if the person who was defendant in the Supreme Court happens to be the proponent. It is proper that the executrix named in the script should be the proponent here.

In so far as the judgment of the Supreme Court is adduced as a bar to the proceeding to probate the script propounded as a will of personalty, the judgment of the Supreme Court can in any event have no force or effect here, as the Supreme Court has no ·jurisdiction in the first instance to adjudicate intestacy. in such a case, even if in a proper action it could determine a ."devisavit vel non." Jurisdiction to determine intestacy in the first instance, in so far as the factum of a ·will of personalty is concerned, belongs exclusively to the surrogates, as I have shown by the authorities before cited.

On all the evidence before me, probate of the paper propounded as the last will and testament of Patrick J. Connell must be decreed. Let such a decision and decree be presented to me for my signature.

Probate decreed.