In the Matter of the Estate of JACOB M. FLOESCH, Deceased.

Surrogate's Court, Monroe County, February 23, 1950.

*Jerome J. Greilsheimer* for William M. Floesch, petitioner.

*David H. Shearer* for Clara C. Dwyer, as executrix of Eugene J. Dwyer, deceased executor of Jacob M. Floesch, deceased, respondent appearing specially.

*Charles McLouth, Jr.,* for Clearfield Trust Company, as executor of Emma G. Floesch, deceased executrix of Jacob M. Floesch, deceased, respondent appearing specially.

WITMER, S. Petitioner, as remainderman under the will of Jacob M. Floesch, deceased, asks this court to require the legal representatives of the executors of the will of said testator to account for the property which they turned over to the life tenant pursuant to the decree of this court, dated June 4, 1928.

It appears that testator's will was admitted to probate in this court on July 6, 1926, and three executors thereof were appointed, namely, Eugene J. Dwyer, Emma G. Floesch and James B. Graham. Emma G. Floesch was also the life tenant named in testator's will with power to use and consume the corpus " as she sees fit ". Upon the judicial settlement of the account of the said executors, to which proceeding this petitioner was a party, the decree of June 4, 1928, was granted, wherein the assets of the estate, in excess of $100,000, were directed to be delivered and paid over to said Emma G. Floesch as " life tenant with power to use and consume as ' she sees fit ' ", and further authorizing said life tenant " in her entire discretion " to " pay to herself individually " out of said assets a sum in excess of $50,000 in payment of the obligations of the estate of Jacob M. Floesch to her. The decree further provided that upon compliance by the executors with the decree and filing vouchers for the payments therein directed, an order might be

made discharging them as executors. Although a voucher was filed showing that the executors had performed the directions of the decree by delivering and paying the said assets to the life tenant, no application was ever made for the formal discharge of the executors; but that is of no consequence here. (See *Hulburd* v. *Commissioner of Internal Revenue,* 296 U. S. 300, 309–310, and *Mahoney* v. *Bernhard,* 45 App. Div. 499, affd. 169 N. Y. 589.)

All of said three executors have since died, and of course their ability to act died with them. Had these executors died residents of the State of New York, the fiduciaries of their estates would be subject to the jurisdiction of this court for purposes of accounting for the acts of the deceased executors, insofar as the latter might be accountable. (*Post* v. *Ingraham,* 122 App. Div. 738; Surrogate's Ct. Act, § 257.) It appears that the executrix life-tenant died in Pennsylvania, and the respondent, Clearfield Trust Company of Clearfield, Pennsylvania, is executor of her will and is in the process of completing the administration of her estate and accounting therefor in Pennsylvania. It appears that the executor, James B. Graham, died in the District of Columbia where his will was probated, and at least one of the executors of his will is a resident of Pennsylvania, and none resides in the State of New York. It also appears that Eugene J. Dwyer, the remaining executor of the testator's will, died in Monroe County, and respondent Clara C. Dwyer, the executrix of his will, resides in this county. The respondent-executors of the deceased fiduciaries have appeared specially herein and have moved for dismissal of the petition.

The motions to dismiss are granted.

In the first place petitioner is not a proper party to institute this proceeding. All of the executors of testator's will have died, and there is no one presently in existence who can act in behalf of this estate. (See *Matter of O'Dowd,* 163 Misc. 605.) If petitioner, as a person interested in the estate, has good reason to believe that there are assets belonging to the estate which should be gathered for distribution in accordance with the terms of the will, he should petition for the appointment of an administrator *c.t.a.* Such a representative would have authority to institute proceedings to gain possession of the assets of testator's estate.

In the second place the decree of this court of June 4, 1928, is conclusive upon this petitioner (Surrogate's Ct. Act, §§ 80, 274). The most that could be inquired of the original executors and

hence of their fiduciaries would be as to the fact of actual delivery and payment to the life tenant of the assets referred to in the decree, which the life tenant has admitted receiving. With such delivery and payment pursuant to the decree the duties of the original executors ceased with respect to those assets. (*Matter of Comer*, 72 Misc. 321.) Moreover, even if the life tenant remained in the State of New York and died here and her will were probated here, section 257 of the Surrogate's Court Act would not confer jurisdiction upon this court to compel her executor to account to this estate for the acts of the life tenant as such and not as executrix, after she received the property from the executors under the decree. (*Matter of Comer, supra.*)

Thirdly, the life tenant apparently moved to Pennsylvania with such assets of which she had such use; and upon her death there, respondent Clearfield Trust Company, as executor of her will, presumably came into possession of what remained of such assets, if anything. Said respondent is a nonresident of this State, and this court has no jurisdiction over it in any event.

It would seem that the proper course would be to have an administrator *c.t.a.* appointed here so that he may determine the advisability of securing ancillary letters in Pennsylvania for the purpose of protecting this estate's rights, if any, against the estate of the deceased life tenant, Emma G. Floesch, in Pennsylvania. If any assets are recovered by such ancillary administrator *c.t.a.*, they will be returnable to the administrator *c.t.a.* in this county for distribution by this court in accordance with the terms of testator's will.

Submit order dismissing petition.