CATHARINE MARTIN, as Administratrix, etc., Respondent, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

A surrogate, in issuing letters of administration, has authority, and it is within his discretion, to limit the powers conferred upon the administrator.

Where, therefore, such letters contain this clause, " these letters are issued with limited authority to prosecute only, and not with power to collect or compromise," *held*, that the surrogate had power to insert the limitation.

*It seems*, that if such a limitation was in excess of the powers of the surrogate, it did not invalidate the letters, but was at most only an irregularity.

*It seems* also (MILLER, J., DANFORTH and FINCH, JJ., concurring), that the objection is one that may not be raised collaterally, in a suit brought by the administrator.

(Argued March 12, 1883 ; decided March 27, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made April 10, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence causing the death of Nicholas Martin, plaintiff's intestate.

The letters of administration issued to plaintiff were offered in evidence; in the body thereof in the clause granting power

was inserted the following, "with the limited power expressed in the margin." Upon the margin was written the following : "These letters are issued with limited authority to prosecute only, and not with power to collect or compromise."

Defendant's counsel objected to the letters as evidence, upon the ground that they were invalid upon their face, and did not authorize plaintiff to bring the action. The objection was overruled, and said counsel duly excepted.

*John M. Scribner* for appellant. The Surrogate's Court being a creature of the statute, its proceedings in the manner authorized by the statute, or they are absolutely void. (Redfield's Law and Practice of Surrogates' Courts, 43 ; *Converse* v. *Barber*, 1 Redf. 330 ; *Riegelman* v. *Riegelman*, 4 id. 492–495 ; *Corwin* v. *Merritt*, 3 Barb. 343 ; *People* v. *Corlies*, 1 Sandf. 247 ; 14 Am. Law Review, 347 ; *People* v. *Barnes*, 12 Wend. 492–494 ; *Roderigas* v. *East River B'k*, 76 N. Y. 316 ; R. S., chap. 2 of Part 3, title 1; 2 R. S. [Edm. ed.] 230 ; *Bevan* v. *Cooper*, 72 N. Y. 327 ; *Matter of Parker*, 1 Barb. Ch. 154.) Limited administrations seldom or never obtain in the American practice. (Williams on Executors and Administrators [6th Am. ed.], 520, 580 ; 3 Redf. on the Law of Wills, 112.) The limited administration attempted to be conferred by the surrogate in the present case does not fall within either of the kinds of special administrations authorized. (Code, §§ 2660, 2667; 2 R. S. 73, § 23 ; id. 82, § 6 ; id. 114, § 3 ; Laws of 1847, chap. 450 ; 4 Edm. Stat. 526–527 ; Code, § 1902.) Prior to the passage of the act of 1881 (Chap. 535) the surrogate did not have power to grant the limited administration in question. (*Bevan* v. *Cooper*, 72 N. Y. 329 ; *Smith* v. *The State*, 27 Ind. 375 ; *Pike* v. *Megoun*, 44 Mo. 499 ; Sedgwick on Construction of Statutory Law [Pomeroy's ed.], 214, 215 ; Hardcastle's Statutory Law, 67.) If the surrogate had no power to grant the limited administration in question, the plaintiff's right to maintain the action necessarily falls, and the motion to dismiss the complaint should have been granted. (Williams on Executors and Administrators

[6th Am. ed.], 468, 469 [404]; *Griffith* v. *Frazier*, 8 Cranch, 28.; *Slade* v. *Washburn*, 3 Ired. L. 557, 562; Leake's Digest of the Law of Contracts, 780; Coke on Littleton, 258; *Farmers' B'k* v. *Harrison*, 57 Mo. 503; *Bonesteel* v. *The Mayor*, 22 N. Y. 162; *National B'k of Chemung* v. *Elmira*, 39 How. Pr. 373; 53 N. Y. 49; *Brady* v. *The Mayor*, 20 id. 312; *Roderigas* v. *East River B'k*, 76 id. 316.) The appointment being the judicial action of the surrogate could only be proved by the letters of administration themselves, or by the record or a certified copy of the proceedings, or of the appointment, as the action of the courts is proved in other cases. (*Albright* v. *Cobb*, 30 Mich. 355.) The plaintiff was bound to establish at the trial the regularity of her appointment as administratrix. (*Green* v. *H. R. R. R. Co.*, 2 Abb. Ct. of App. Dec. 277.)

*Samuel Greenbaum* for respondent. The letters of administration not being incompetent on their face were properly admitted in evidence. (2 R. S. 80, § 55; id. 73, § 23; id. 81, § 56; *Roderigas* v. *East River B'k*, 63 N. Y. 453; Redfield's Surrogates' Pr. [ed. of 1881] 316; *Belden* v. *Meeker*, 47 N. Y. 307; *Parham* v. *Moran*, 4 Hun, 717.) They cannot be attacked or reviewed collaterally. (*Wetmore* v. *Parker*, 52 N. Y. 450; *Roderigas* v. *East River S'vgs B'k*, 76 id. 316; *Bearns* v. *Gould*, 77 id. 455; *Harrison* v. *Clark*, 87 id. 572; *Kelly* v. *West*, 80 id. 139; Redfield's Surrogates [ed. 1881], 52; Code of Civ. Proc., § 2474; Re-enacting Laws of 1870, chap. 359, § 1; *Maloney* v. *Woodin*, 11 Hun, 202; *Potter* v. *Purdy*, 29 N. Y. 196; *Bumstead* v. *Read*, 31 Barb. 661; *Bolton* v. *Brewster*, 32 id. 389; *Doty* v. *Brown*, 4 How. Pr. 428.) The validity of a surrogate's appointment of an administrator, on the ground that he had failed to comply with the directory provisions of the law prescribing his duty in cases where he has become possessed of the jurisdiction to make such appointment, cannot be attacked collaterally. (*Lawrence* v. *Parsons*, 27 How. Pr. 26; *Price* v. *Peters*, 15 Abb. Pr. 197; *Matter of Harvey*, 3 Redf. 214; *Atkins* v. *Kennon*, 20 Wend. 241; *Morrell* v. *Dennison*, 8 Abb. Pr.

401; *Monell* v. *Dennison*, 17 How. Pr. 422; *Wetmore* v. *Parker*, 52 N. Y. 450; 1 Banning and Alden's Patent Cases, 182; *Jackson* v. *Robinson*, 4 Wend. 436; *Van Deusen* v. *Sweet*, 51 N. Y. 378; Redfield's Surrogates [ed. 1881], 51, 314; 3 Phillips' Evidence [3d Am. ed.], 363.) The surrogate had full power to issue the letters of administration. (2 R. S. 220, § 1; Redfield's "Law and Practice of Surrogates' Courts" [ed. 1881], 43; *Kohler* v. *Knapp*, 1 Bradf. 241; *Campbell* v. *Logan*, 2 id. 90; 3 Redfield on Wills [ed. 1877], 113; *Campbell* v. *Logan*, 2 Bradf. 90; *Dubois* v. *Sands*, 43 Barb. 412; *Harnett* v. *Wandell*, 60 N. Y. 353.) Even if the surrogate improperly limited the authority of the administratrix, still the letters cannot be held void. (*Hutchinson* v. *Brand*, 9 N. Y. 209; *Bingham* v. *Disbrow*, 14 Abb. Pr. 251; *Viburt* v. *Frost*, 3 id. 121; *Bucklin* v. *Chapin*, 53 Barb. 488; *Sheldon* v. *Wright*, 5 N. Y. 497; *Bumstead* v. *Read*, 31 Barb. 661; *Lawrence* v. *Parsons*, 27 How. Pr. 26; *Everts* v. *Everts*, 62 Barb. 577; *D'Ivernois* v. *Leavitt*, 8 Abb. Pr. 59, 62; *Roderigas* v. *East River S'vgs B'k*, 63 N. Y. 474; 76 id. 321.)

*Per Curiam.* The letters of administration issued to the plaintiff in this case contained a limitation, which was written on the margin, limiting the power of the administratrix to prosecute only and not giving her power to collect or compromise.

The limitation referred to was not, at the time of granting the letters, expressly authorized by any statute of this State, but, with this exception, the letters were in the usual form of those issued to an administrator and conferred the usual powers granted to such officer for the purpose of enabling him to discharge the duties thereby imposed. There can be no question that, without such limitation, the letters issued were fully authorized and within the power of the surrogate to grant. That officer had jurisdiction over the person and the subject-matter, and unless he exceeded his authority there is no ground for insisting that the letters were unauthorized. They certainly contained sufficient to confer general authority and power over

the assets of the deceased, and it is not clear upon what ground it can be claimed that the right to administer, which was thus conferred, can be disregarded and set at naught for the reason that the letters contained matter which was not within the scope of the surrogate's power. Such matter, we think, being unnecessary, may be regarded as surplusage, and the letters may be considered as if it had not constituted a part of or been incorporated in the same. If the matter objected to be stricken out then the letters are perfect and complete. Within well-settled rules we think they may be considered as if they contained no such limitation, and the objection taken to their validity cannot be upheld.

We are also of the opinion that the surrogate had full power and authority to issue the letters in question in the form in which they were made out and that they were properly issued by him.

By 2 R. S. 220 the surrogate is vested with authority " to grant letters testamentary and of administration " and " to direct and control " and settle the accounts of executors and administrators. Although the Surrogate's Court is limited in its jurisdiction it by no means follows that the surrogate had no power to issue the letters in question ; he acted strictly within his jurisdiction and in granting the letters he did that which was directly within the scope of his powers and the line of his duties ; the law does not direct what language shall be employed in letters issued by him or what precise powers or duties shall be laid down in the same ; it does not prohibit letters in the form used in the case considered. The power being general for such a purpose the surrogate must be governed by established rules not inconsistent with the statutes relating to the organization of the Surrogate's Court. In all matters relating to estates the court proceeds in accordance with established usage as modified by statutory enactment. (Redf. Law and Practice, 43.)

In the English practice letters of administration are granted, limited to certain effects of the deceased, while the general administration is committed to another. Also administration

is sometimes granted in reference to a particular fund and to defend proceedings in chancery. (3 Redfield on Wills, 113.) There would seem to be no objection to intrusting to the surrogate the necessary powers in regard to the administration of estates, subject to such restrictions as may be imposed by statutory enactment. The statutes contain no restriction in regard to the right of the surrogate to issue letters in the form of those which were proven on the trial of this action; they empower the surrogate " to control and direct" administrators, and no sound reason exists why the surrogate, in the exercise of his authority, should not limit the application of the letters issued by him. We think it rests with him to say, in the exercise of his discretion, what powers should be conferred upon an administrator, and so long as he does not exceed the authority vested in him by law there is no valid ground for assuming that the letters issued by him are unauthorized; he has kept himself within the letter and the spirit of the statute, already cited, which authorizes him " to direct and control." In this case he merely allowed the administratrix to institute the first step to be taken for the collection of a claim which existed against the defendant. The law does not prevent or forbid him from issuing letters in the form which he followed; he therein limited the power of the administratrix instead of extending it. The extent of the surrogate's authority has been the subject of consideration in the Supreme Court of this State. In *Dubois* v. *Sands* (43 Barb. 412) it was laid down that the Surrogate's Court can only exercise such power as the statute confers, yet the authority to do certain acts or to exert a certain degree of power need not be given in express words, but may fairly be inferred from the general language of the statute, or, if necessary to accomplish its object and to the just and useful exercise of the powers which are expressly given, it may be taken for granted. And in *Hartnett* v. *Wandell* (60 N. Y. 353; 19 Am. Rep. 194) it is held that the statutes regulating the mode of procedure in the Surrogate's Court, like all rules of justice, should be liberally construed in furtherance of justice.

The authorities cited and the principle applicable to the right of this officer to exercise his power fully justified the issuing of the letters in question in the form granted and we think it was warranted by law. Even if it be conceded that the surrogate improperly limited the power of the administratrix, in the letters issued, the objection is one that cannot be raised collaterally in a suit by the administratrix and the letters cannot be held void. At most it was an irregularity which can only be made available by the parties in interest upon appeal from the surrogate's decision, and the defendant was not in a position to take advantage of the irregularity, by objecting upon the trial to the right of the administratrix to maintain the action and by a motion to dismiss the complaint on that ground.

As we have arrived at the conclusion that the letters of administration were valid, it is not necessary to consider the other questions relating to the same which have been urged by the appellant's counsel. No other point is made which demands examination, and the judgment should be affirmed.

DANFORTH and FINCH, JJ., concur.

RUGER, Ch. J., ANDREWS and RAPALLO, JJ., concur on the ground that the surrogate had power to place the limitation in the letters.

EARL, J., concurs on the ground that the limitation was at most an irregularity and did not render the letters void.

Judgment affirmed.