1. DECEDENT'S ESTATE—APPOINTMENT OF TEMPORARY ADMINISTRATOR—JURISDICTION OF SURROGATE.

Code Civ. Proc. § 2670, authorizes the surrogate, in his discretion, on the application of a creditor or a person interested in the estate, to issue to one or more persons, competent and qualified to serve as executors, letters of temporary administration, when, for any cause, delay necessarily occurs in the granting of letters of administration or in probating a will. Held, that the authority can be exercised only where some proceeding for probating the will or for issue of letters of administration in chief is pending.

In the matter of the judicial settlement of the account of Henry Hill as temporary administrator of William N. Hill, deceased. Proceeding dismissed.

On the 8th day of January, 1902, Henry Hill presented to the Surrogate's Court of Saratoga county his petition praying for his appointment as temporary administrator of the goods, etc., of William N. Hill, deceased. On the 27th day of December, 1901, a petition had been presented to the Surrogate's Court of Nassau county alleging, among other things, that William N. Hill died on the 19th day of November, 1901, being a resident of Nassau county, and leaving a paper purporting to be a last will and testament, and asking that the same be admitted to probate as and for the last will and testament of the said deceased. At the time the petition was presented to the Surrogate's Court of Saratoga county, praying for the appointment of a temporary administrator, there were no proceedings pending in the latter county for the issuing of letters of administration in chief, nor for the probate of any alleged will of the said deceased. The surrogate of Saratoga county made a decree on the 8th day of January, 1902, awarding temporary letters of administration to the said Henry Hill upon his filing a bond as required by said decree, which bond was afterward presented to, approved, and filed in the office of, the surrogate

of Saratoga county, and letters of temporary administration were issued to the said Henry Hill on the 8th day of January, 1902. Thereafter the said Henry Hill proceeded to perform the duties which pertained to a temporary administrator of the estate of said deceased, and on the 30th day of October, 1903, filed an account of his proceedings, and a petition for the judicial settlement of the same, in the office of the surrogate of Saratoga county, to which account objections were interposed by Wilhelmina S. Palmertier, to whom letters testamentary had been issued by the surrogate of Nassau county, as the sole executrix of the last will and testament of the said deceased, and upon the hearing the executrix moved to have the temporary letters of administration granted to the petitioner, Henry Hill, revoked, and to dismiss the proceedings for the judicial settlement of his account.

Rockwood & Salisbury, for accountant.

Scudder & Kellogg, for executrix.

LESTER, S. Section 2670 of the Code of Civil Procedure authorizes the surrogate, in his discretion, on the application of a creditor or a person interested in the estate, to issue to one or more persons, competent and qualified to serve as executors, letters of temporary administration, when, for any cause, delay necessarily occurs in the granting of letters of administration or in probating a will. The counsel for the executrix insists that the section referred to contemplates the pendency of some proceeding for the probate of a will, or the issuing of letters of administration in chief, as a necessary foundation for the exercise by the surrogate of the power conferred upon him to issue letters of temporary administration. Surrogate Rollins so held in Tooker v. Bell, 1 Dem. 52, and Surrogate Bergen, of Kings county, held the same doctrine in Sawmill Company v. Dock, 3 Dem. 55. So far as I am able to discover, the doctrine of these cases has never been disturbed, nor has any change in the statute authorized a different construction.

It is my opinion that in the present case the Surrogate's Court of Saratoga county was without jurisdiction to appoint a temporary administrator of the decedent, and that the attempt to do so was unauthorized, and the letters of temporary administration were void. It follows, as a natural consequence, that the present proceeding cannot be maintained. The surrogate has no jurisdiction to decide any question that may be involved in it, and is powerless to take any action, except to dismiss the proceeding. An order should be entered dismissing the proceeding, but, under the doctrine of Bunnell v. Ranney, 2 Dem. 327, without costs.

Decreed accordingly.