---

(76 Misc. Rep. 92.)

### In re CHITTENDEN.

(Surrogate's Court, Monroe County. March, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 22*)—TEMPORARY ADMINISTRATORS— POWER TO APPOINT.

   Under Code Civ. Proc. § 2670, providing that on application of a creditor, or person interested in the estate, the surrogate may in his discretion issue letters of temporary administration when for any cause delay necessarily occurs in the granting of letters testamentary or letters of administration, or in the probating of a will, the surrogate may in such case grant letters of temporary administration without notice of the application.

   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 116–127; Dec. Dig. § 22.*]

2. EXECUTORS AND ADMINISTRATORS (§ 22*) — TEMPORARY ADMINISTRATOR — POWER TO APPOINT—REVOCATION.

   Where the petition of an heir at law and next of kin of decedent, acting in good faith, for letters of temporary administration, shows that by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reason of the nonresidence of many of the heirs at law and next of kin there will be a necessary delay in bringing them before the court on the application for probate, and that there are property interests requiring immediate care and attention, in particular a bankruptcy proceeding in which the decedent was interested, it is within the authority of the surrogate to appoint a temporary administrator without formal notice to any one, and a petition for revocation of letters so granted on the ground of lack of jurisdiction will be denied.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 116–127; Dec. Dig. § 22.*]

Application to remove Herbert J. Chittenden as temporary administrator to Charles T. Chittenden, deceased. Denied.

Herbert J. Chittenden (A. W. Curtis, of counsel), temporary administrator in person.

James S. Havens, for trustees of Y. M. C. A., petitioners.

BROWN, S. This is an application to remove Herbert J. Chittenden as temporary administrator of the goods, chattels, and credits of Charles T. Chittenden, deceased, heretofore so appointed by this court, on the ground that the court had not jurisdiction to appoint such temporary administrator at the time of such appointment, for the reason that at that time no application had been filed with this court for the probate of the will or for issue of letters of administration in chief on the estate of said deceased.

At the time of the issue of the letters of temporary administration, the said Herbert J. Chittenden filed a petition showing that he was one of the heirs at law and next of kin of the deceased; that the deceased was a resident of the county of Monroe; that he left a will which was in another county, with other personal property of the deceased; that said will would be subject to contest for reasons set forth in said petition; that an application would be made for bringing said will before the court for probate, or for letters of administration in chief; that the deceased left a large number of heirs at law and next of kin, many of whom lived outside of the state of New York; that it would require an order for publication to cite them before the court; that delay would necessarily occur in bringing said parties before the court upon the application for probate of the aforesaid will; that there were property interests of the deceased that required immediate attention, and in particular a proceeding in Bankruptcy Court, in which the said deceased was interested; and that the property of the deceased further required immediate care and attention by some one authorized to care for the same. It appears that the petitioner was an heir at law and next of kin of the decedent, and accordingly interested in the estate, and a person competent to be appointed an executor under a will in this state. The court thereupon, upon being informed as to the probable amount of the personal property of the decedent, and the filing of a bond approved by the court in the penal sum of $300,000, being twice the amount of the personal property as it then appeared, appointed the said Herbert

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. Chittenden temporary administrator of the estate. Subsequently thereto a petition was filed in this court for the probate of said will, a citation has been issued, but the return day has not yet arrived. It does appear that there was personal property to be cared for belonging to the deceased, and that there was a proceeding in which the said deceased was interested pending in Bankruptcy Court, and the court is satisfied from the evidence that the court was not imposed upon by any statements made by the petitioner, and that the petitioner acted in good faith in making his application for appointment as temporary administrator. No formal notice was given to any person or persons of the application for the letters of temporary administration. No person had at that time appeared in any proceeding relating to said estate. The petitioner on this revocation proceeding is a corporation, named as the residuary legatee under the will offered for probate in this court. It objects to the appointment of Mr. Chittenden on the ground that he is an interested party, that he is interested in contesting the will which it is interested in probating, and asks that his letters be revoked because of the lack of jurisdiction of the court to make the appointment at the time, and for the appointment of some disinterested party as temporary administrator in his place and stead. It also complains of his having made the application without notice to the executors named in the will.

[1] The facts being as they appear herein, there was no legal requirement to give the executors named in the will any such notice. The simple question that we meet here, and which is an important one, is: Had the surrogate authority to make the appointment at the time? The court is of the opinion that, if it had jurisdiction to make the appointment at the time, it was a proper appointment to make.

We find among the powers conferred upon the surrogates under section 2472 of the Code of Civil Procedure, subdivision 6, the authority to administer justice in all matters relating to the affairs of decedents, according to the provisions of the statute relating thereto; and under subdivision 11 of section 2481, "and to exercise such incidental powers, as are necessary to carry into effect the powers expressly conferred." We further find that the Code expressly gives to the surrogate authority to entertain proceedings for the probate of a will, under article 1, of title 3, chapter 18, of the Code; to grant letters of administration in chief, under article 4 of said title; and to grant temporary administration under article 5 of said title. Now, on general principles, each of these articles is independent of the other, and under appropriate conditions the court has power to entertain one independently of the other, unless there is something expressly prohibiting it in the statute. Under article 5, § 2670, we find that:

"On the application of a creditor, or a person interested in the estate, the surrogate may, in his discretion, issue to one or more persons, competent and qualified to serve as executors, letters of temporary administration, in either of the following cases: (1) When for any cause, delay necessarily occurs in the granting of letters testamentary or letters of administration, or in probating a will."

The language is perfectly clear that, when for any cause delay necessarily occurs in probating a will, or in the granting of letters testamentary upon the probate of a will, or of letters of administration upon an application for such letters, the surrogate may, in his discretion, issue letters of temporary administration, upon the application of a creditor or a person interested in the estate.

The reasons for such an application might be various; a will might be locked up where it could not be brought into court; an executor might be absent from the state, or some other person who had sufficient information upon which to base an application for the probate of a will, and yet an estate need to be protected; and, when evidence is given to the court that there would necessarily be delay in the probate of a will, certainly a Surrogate's Court should have power to issue temporary letters under the above provision, even though an application had not been made for the probate of the will. The purpose of that section of the Code is to protect an estate when, in the discretion of the surrogate, any of the contingencies arise relative to the probate of a will or issue of letters, either testamentary or of administration. When it is shown that delay has occurred, or actually will occur, it seems to this court that is sufficient.

The objection is raised that under subdivision 2 of the same section it is provided that at least 10 days' notice of the application for such an order must be made to each party to the proceeding who has appeared, unless the surrogate is satisfied by proof that the safety of the estate requires the notice to be shortened, in which case he may shorten the time of service to not less than two days. We must remember that that says "to each party to the proceeding who has appeared." In this case no one had appeared; but that is no objection in this particular case, because, as a matter of practice, even when the petition for the probate of the will or for letters of administration in chief is filed before making application for temporary administration, the petition for temporary administration is usually immediately filed thereafter and letters taken without notice even to the parties who are named in the citation, for the reason that they have not yet appeared. This practice is followed and sustained in Matter of Ashmore, 48 Misc. Rep. 312, 96 N. Y. Supp. 772. So there is no merit, from a practical standpoint, to the objection that notice could not be given in the case before us, as that can be easily overcome at any time by promptly filing the petition for temporary administration after the filing of the petition for probate, and before opportunity is afforded for any one to appear. Thus the force of the objection falls to the ground. I regard the provision of notice, not as a limitation upon the power of the surrogate, but as a direction which must be followed in case of an application having been made for temporary administration after any parties have appeared on a proceeding which may have been commenced previous to the application for temporary administration. If it had been the intention of the Legislature that every interested party should be made a party, it would have provided that notice must be given to such parties, whether

they had appeared or not on a proceeding, or declared that all interested parties must be served with notice if they had not already been served with citation for the probate of a will or for application for letters of administration in chief, and I am of the opinion that said provision of notice is only applicable where some interested parties have appeared in some proceeding previously instituted relative to the probate of a will or the issue of letters testamentary or of administration upon the estate. If no proceeding is pending for probate or for administration, or if an application is pending and no one has appeared, no person is entitled to notice of the application.

Our attention has been called by the learned counsel for the petitioner herein the some cases which he claims settle this question in favor of the petitioner. The court is obliged to disagree with this contention. I refer to the case of Tooker v. Bell, 1 Dem. Sur. 52, which Surrogate Rollins decided in 1882. In that case a temporary administrator had been appointed, with directions to collect the rents and issues of real estate. An application was made to remove him on the ground that the court had no authority to appoint. It appears from the opinion that the predecessor of the then surrogate had made the appointment, and Surrogate Rollins states in his opinion that the surrogate that made the appointment must have overlooked the fact that section 13 of chapter 359 of the Laws of 1870 was repealed at the time the Code was adopted, and followed the practice under the old law, which was not at that time as broad as the old provisions of the Revised Statutes. The will offered for probate named no executor, and all of the testatrix's real estate was devised by will, and it was held that the controversy over the probate of that instrument did not in the nature of things occasion delay in the granting of letters of administration, and that at that time the only ground for the appointment of a temporary administrator, except in the case of a disappearance, is where delay necessarily occurs in the granting of letters testamentary or letters of administration. As the will named no executor, and as it simply contained an absolute devise of real estate, the court held that the will would never require or need an administrator. The provision of the Code at that time read as follows:

"Where delay necessarily occurs in the granting of letters testamentary or letters of administration, in consequence of a contest arising upon application therefor, or for probate of a will, or in consequence of the absence from the state of an executor named in the will, or for any other cause."

It will be observed that at that time the delay must have been occasioned by a contest, upon an application for administration, or for probate of a will, or in consequence of the absence from the state of an executor named in the will, or for some other cause. The similar provision in the Code, as it now reads, is:

"When for any cause delay necessarily occurs in the granting of letters testamentary, or letters of administration, or in probating a will."

These words do not require that an application for administration must be pending arising on the question of letters or probate of a

will involving a contest before the court. The statute as originally placed in the Code, and which was in force in 1882, has been twice amended, in 1893 and 1901.

The case of Sawmill Co. v. Dock, 3 Dem. Sur. 55, was a proceeding in 1885 before Surrogate Bergen, of Kings county. In that case a creditor asked for temporary administration upon the estate of a nonresident decedent, and it was shown on the return day that the service of the citation was not sufficient, but the court added that he did not think that the application could be sustained, as there was no proceeding or application pending for letters of administration in chief, and cited subdivision 1 of section 2668 of the Code, being that provision of the Code which is now subdivision 1 of section 2670, and above referred to, and said:

"This section assumes that an application is pending for letters of administration in chief before temporary letters will be issued, and that temporary letters may be granted where a delay necessarily occurs in the granting of letters in chief, in consequence of a contest arising upon the application for them."

But, as stated in reference to the previous decision, the changing of the words of the Code does not require a contest to be pending, simply that delay exists in the issue of letters or in probating a will.

The other case referred to by petitioner's counsel (Matter of Hill, 43 Misc. Rep. 583, 89 N. Y. Supp. 552) was decided since the present form of the Code was adopted, and the surrogate in deciding that case referred to the above-mentioned decisions as grounds for his decision, distinctly saying that no change in the statute has authorized a different construction. However, it was unnecessary for the surrogate to resort to this position, as he had no jurisdiction, as is shown by the case, in any event, because of the fact that it appears that application was already pending for letters in chief in Nassau county; hence, the reason given was secondary and obiter, and not necessarily germane to the case, and, as far as the decision states that the change of language in the Code does not change the meaning of the Code, I respectfully disagree with the learned surrogate who wrote the opinion in Matter of Hill.

For what purpose could the Legislature have changed the language of these provisions, unless it was to eliminate those words which gave ground for the earlier decisions, and substitute the present form, which, plainly read and construed, does not limit the application for temporary administration until after application for probate or letters of administration in chief has been made? It is reasonable to assume that such change was made by the Legislature for the purpose of conferring such authority.

The result at which we arrive herein is in harmony with the provisions of the Code, recognizing and granting inherent powers to the court to perform its proper functions, and is in accordance with the decisions of sister states (Sager v. Mead, 164 Pa. 125, 30 Atl. 284; Jordan v. Poke, 1 Sneed [Tenn.] 430; McNairy v. Bell, 6 Yerg. [Tenn.] 302), and of the Supreme Court of the United States, in Mc-

Arthur v. Scott, 113 U. S. 340, on page 399, 5 Sup. Ct. 652, on page 671 (28 L. Ed. 1015), where the United States Supreme Court says:

"Nor can we doubt that the court, in the exercise of the appropriate branch of its jurisdiction, might in its discretion have granted administration limited to the single object of defending the will and the probate against the bill in equity of the heirs. Courts vested with the jurisdiction of granting letters testamentary and of administration have the inherent power of granting a limited administration, whenever it is necessary for the purposes of justice; as, for instance, 'durante minore ætate,' while the executor named in the will is under age; 'durante absentia,' when he is out of the jurisdiction, and therefore has not taken out letters testamentary; or 'ad litem,' to defend a suit in chancery while the probate of a will is under contest; and the powers exercised by the English courts in this respect appertain to the courts of like jurisdiction in this country, although not specified in the statutes under which they act. Davis v. Chanter, 2 Philips, 545, 550, 551; 1 Williams on Executors (7th Ed.) 479, 502, 523, 524; Griffith v. Frazier, 8 Cranch, 9, 26 [3 L. Ed. 471]; Martin v. Dry Dock, E. B. & B. R. Co., 92 N. Y. 70; McNairy v. Bell, 6 Yerg. [Tenn.] 302; Jordan v. Polk, 1 Sneed, 430, 434."

Our own Court of Appeals is in accord with this principle, as shown in Martin v. Dry Dock, E. B. & B. R. Co., 92 N. Y. 70, cited by the United States Supreme Court in the above decision. In the Martin Case, 92 N. Y. at page 74, the court says:

"By 2 R. S. 220, the surrogate is vested with authority 'to grant letters testamentary and of administration,' and to 'direct and control' and settle the accounts of executors and administrators. Although the Surrogate's Court is limited in its jurisdiction, it by no means follows that the surrogate had no power to issue the letters in question; he acted strictly within his jurisdiction, and in granting the letters he did that which was directly within the scope of his powers and the line of his duties; the law does not direct what language shall be employed in letters issued by him or what precise powers or duties shall be laid down in the same; it does not prohibit letters in the form used in the case considered. The power being general for such a purpose the surrogate must be governed by established rules not inconsistent with the statutes relating to the organization of the Surrogate's Court. In all matters relating to estates the court proceeds in accordance with established usage as modified by statutory enactment. Redf. Law & Practice, 43.

"In the English practice letters of administration are granted, limited to certain effects of the deceased, while the general administration is committed to another. Also, administration is sometimes granted in reference to a particular fund and to defend proceedings in chancery. 3 Redfield on Wills, 113. There would seem to be no objection to intrusting to the surrogate the necessary powers in regard to the administration of estates, subject to such restrictions as may be imposed by statutory enactment. The statutes contain no restriction in regard to the right of the surrogate to issue letters in the form of those which were proven on the trial of this action; they empower the surrogate 'to control and direct' administrators, and no sound reason exists why the surrogate, in the exercise of his authority, should not limit the application of the letters issued by him. We think it rests with him to say, in the exercise of his discretion, what power should be conferred upon an administrator, and, so long as he does not exceed the authority vested in him by law, there is no valid ground for assuming that the letters issued by him are unauthorized; he has kept himself within the letter and the spirit of the statute, already cited, which authorizes him to 'direct and control.' In this case he merely allowed the administratrix to institute the first step to be taken for the collection of a claim which existed against the defendant. The law does not prevent or forbid him from issuing letters in the form which he followed; he therein

limited the power of the administratrix instead of extending it. The extent of the surrogate's authority has been the subject of consideration in the Supreme Court of this state. In Dubois v. Sands, 43 Barb. 412, it was laid down that the Surrogate's Court can only exercise such power as the statute confers, yet the authority to do certain acts or to exert a certain degree of power need not be given in express words, but may fairly be inferred from the general language of the statute, or, if necessary to accomplish its object and to the just and useful exercise of the powers which are expressly given, it may be taken for granted. And in Hartnett v. Wandell, 60 N. Y. 353, 19 Am. Rep. 194, it is held that the statutes regulating the mode of procedure in the Surrogate's Court, like all rules of justice, should be liberally construed in furtherance of justice."

[2] I am accordingly of the opinion that the surrogate has jurisdiction to appoint, in his discretion, a temporary administrator of an estate before application has been made in such estate for administration in chief or for probate of a will; that the court did not abuse its discretion in making the appointment of the temporary administrator herein; that the petition for such appointment was made in good faith, and was sufficient to authorize the appointment of a temporary administrator thereupon; that no one was entitled to notice thereof at that time; that the appointment of Herbert J. Chittenden as temporary administrator of the estate of Charles T. Chittenden, deceased, was proper and legal; that the interests of the estate are and will be conserved by retaining the said Herbert J. Chittenden as temporary administrator; that the appointment of the said Herbert J. Chittenden as temporary administrator of the estate of Charles T. Chittenden, deceased, was within the authority and jurisdiction of the Surrogate's Court of Monroe county at the time of the filing of the petition therefor; that the petition herein praying for the revocation of said letters of temporary administration, issued to said Herbert J. Chittenden, and for the appointment of another temporary administrator, should be, and is hereby, denied, without costs to either party as against the other.

The attention of the court has been called to the fact that the inventory filed herein by the temporary administrator shows personal property in his hands appraised at $167,039.09, which is $17,039.09 more than the amount mentioned in the petition herein upon which the court fixed the amount of the original bond. Accordingly, the court directs that said temporary administrator file with this court with all convenient speed an additional bond in the sum of $35,000, to be approved by this court.

Let an order be entered according to the tenor of the foregoing decision, without costs to either party as against the other.

Decreed accordingly.